RIDLEY PACKING COMPANY and Hardware Mutual Casualty Company, Petitioners,

v.

Donald Edward HOLLIDAY and State Industrial Court, Respondents.

No. 43513.

Supreme Court of Oklahoma.

March 31, 1970.

Ben A. Goff, Oklahoma City, for petitioners.

Jerome Sullivan, Jr., Sullivan & Sullivan, Duncan, Robert E. Shelton, Savage, Gibson, Benefield & Shelton, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

McINERNEY, Justice:

Donald Edward Holliday (claimant) was employed as a butcher of cattle by the Ridley Packing Company at their slaughterhouse. Claimant contracted a disease known as brucellosis, a bacterial infection transmitted by cattle.

The State Industrial Court awarded the claimant temporary compensation. The pertinent portions of the order are as follows:

"That claimant was employed by respondent as a butcher which required that he kill cattle and skin cattle; and that while engaged in his employment with respondent, claimant sustained and contracted the disease of Brucellosis, arising out of and in the course of his employment with respondent.

"That Section Three, 85 O.S.A., under Definitions, states as follows: 'Glanders and *other diseased conditions* caused by handling any equine animal or the carcass of any such animal.' That by such definition this Court finds that Brucel-

losis is a disease which is compensable under the Workmen's Compensation Law of the State of Oklahoma." (emphasis ours)

The question presented is whether brucellosis is an occupational disease included within the phrase "other diseased conditions" as that term is employed in 85 O.S.1961, § 3(16) (j). We hold that brucellosis is not included in § 3(16) (j), supra.

85 O.S.1961, § 3(16) lists with particularity the diseases which shall be deemed to be occupational diseases compensable under the Workmen's Compensation Act. Brucellosis is not listed. Glanders and other diseased conditions caused by handling any *equine* animal or the carcass of any such animal is listed in § 3(16) (j), supra. Equine animal is a horse and glanders is a disease transmitted by horses. The phrase "other diseased conditions" is joined with glanders and the phrase "or the carcass of any such animal" refers to equine animal. The occupational disease listed in § 3(16) (j) relates to diseases which may be contracted from handling horses or the carcasses of horses. Claimant became diseased from cattle.

The Supreme Court may not expand the plain meaning of the words by construction. Special Indemnity Fund v. Harold, Okl., 398 P.2d 827, 830 (1964). The legislature has expressed its intention in the statute as enacted. It is not the prerogative of the judiciary to create an occupational disease compensable under the Workmen's Compensation Act when the Legislature has not seen fit to do so. Brucellosis may become an occupational disease only through the legislative process.

The State Industrial Court found that brucellosis is included in 85 O.S. 1961, § 3(16) (j) and entered an award for claimant. The order is erroneous and the award is vacated.

All the Justices concur.