WATERS AND WATER RIGHTS
Under the provisions of 82 O.S. 277.1 [82-277.1] (1978), et seq., a municipality may not be initially included with any proposed irrigation district, but may become a member pursuant to the filing of a petition for enlargement of the powers of an existing district according to 82 O.S. 277.22 [82-277.22](10) (1978). The Attorney General is in receipt of your request for an opinion wherein you ask the following question: "Under the provisions of 82 O.S. 277.1 [82-277.1] (1973) et seq., and specifically 82 O.S. 277.22 [82-277.22] thereof, may municipalities be initially included within a proposed irrigation district or may they become members only subsequent to the formation of the district pursuant to 82 O.S. 277.22 [82-277.22](10) pertaining to the enlargement of the powers of the district?" The manner in which an irrigation district is to be created is delineated at 82 O.S. 277.18 [82-277.18] (1978), et seq. The requirements of the petition proposing the organization of a district are specifically set forth at Section 82 O.S. 277.3 [82-277.3], and include: "The petition shall be signed by the petitioners, filed with the Oklahoma Water Resources Board, and contain the following: "1. A specific description of the lands within the proposed district; "2. The names and addresses of all the electors within the proposed district as reflected by the records of the county clerk of a county wherein the land is located; "3. The proposed plan of operation and such additional data and information required by rules and regulations of the Water Resources Board; "4. An attached map showing the boundaries of the proposed district; and "5. A prayer that the district be organized." Of particular interest is the requirement of inclusion of names and addresses of the "electors" of the proposed district, as such electors are the initial members of the district for purposes of adopting by-laws and electing directors Section 277.4(6). "Elector" is defined at Section 277.1(5): "5. `Elector' shall mean any person who is of legal voting age and is the owner in fee or the owner of a life estate in at least ten (10) acres or an undivided interest equaling ten (10) acres of irrigable land within said district or proposed district, or any guardian of any ward who owns either in fee or a life estate in at least ten (10) acres of irrigable land; or an executor or administrator of any estate owning at least ten (10) acres of irrigable land in said district or proposed district. . . . The vote of any corporation holding title to land within the district may be cast by said corporation through any officer or agent of said corporation, by presenting to the judge of the election, a certified copy of a resolution of its board of directors authorizing such vote." (Emphasis added) It is to be noted that a corporation is authorized to vote as an elector, through its officer or agent, by presenting a certified copy of a resolution of its board of directors authorizing such vote. The sole reference to municipality membership in a district is found at Section 82 O.S. 277.22 [82-277.22]: "Enlargement of powers of district — . . . "10. . . . A municipality may become a member of the district by action of the council or trustees and execution of the petition by the mayor or chairman and attestation by the clerk. The mayor or chairman may cast one vote on behalf of such municipality in all district elections. Membership by such municipality shall not prevent residents therein who are qualified under Section 1 of this act from being members and electors of the district." The petition referred to in Subsection 10 is that required when the district electors desire to enlarge the purposes of the district. The question of whether or not a municipality may be initially included within a proposed irrigation district thus hinges upon a determination of whether or not the Legislature intended that the definition of the term "elector" include a municipality. It is clear that a municipality fails the initial requirement of 82 O.S. 277.1 [82-277.1](1) (1978), that it be ". . . any person who is of legal voting age and . . . ." (other requirements follow). Thus, a reading of this subsection indicates that a natural person is contemplated, applying the rule of statutory construction known as "noscitur a sociis", that the meaning of a doubtful word may be ascertained by reference to the meaning of words associated with it. It is quite obvious that the requirement of legal voting age could not contemplate a municipality as an elector. In this same subsection, we find a provision for the exercise of an elector's vote by a corporation when its board of directors has so authorized by resolution filed with the judge of the election. Any attempt to expand the term used, a board of directors of a corporation, to include a municipal corporation with a mayor and trustees or councilmen, is foreclosed by the rule that plain meaning of words used in a statute may not be expanded by construction, Ridley Packing Co. v. Holliday, 467 P.2d 480
(Okl. 1970). This result is buttressed by the existence, at Section 82 O.S. 277.22 [82-277.22](10), of the sole method provided by the Legislature for inclusion of the municipality in a district. A plain reading of this subsection reveals legislative contemplation that the district be in existence, and a municipality be added as a member subsequent to filing a petition for enlargement of powers. The inclusion of a municipality at this point in the Act, and failure to include it in the definition of "electors", leads to the application of "expressio unius est exclusio alterius", that the mention of its membership subsequent to creation implies its exclusion prior thereto. In re Arbuckle Master Conservancy District, Dist. Court, Murray County, No. 9660, 474 P.2d 385 (Okl. 1970). It is, therefore, the opinion of the Attorney General that your question be answered in the following manner: Under the provisions of 82 O.S. 277.1 [82-277.1] (1978), et seq., a municipality may not be initially included with any proposed irrigation district, but may become a member pursuant to the filing of a petition for enlargement of the powers of an existing district according to 82 O.S. 277.22 [82-277.22](10) (1978). (H. Lee Schmidt)