ELECTIONS An employer who fails, refuses or neglects to assign or select the hours in which an employee who has satisfied the requirements as set out in 26 O.S. 7-101 [26-7-101] (1977) may be absent from his duty for the purpose of voting is in violation of the provisions of 26 O.S. 7-101 [26-7-101] (1977). The provisions of 26 O.S. 7-101 [26-7-101] (1977) impose upon the employer the duty of selecting the hours in which employees complying with the provisions thereof are to be allowed in which to attend elections and notifying each of said employees which hours they are to have in which to vote; however, should an employer fail, neglect or refuse to assign an employee a specific time in which to vote, said statute does not provide an employee the right to arbitrarily to leave his job at a specific time for the purpose of voting. The provisions of 26 O.S. 7-101 [26-7-101] (1977) do not specifically require an employee to request from his employer a change in his scheduled work day for the purpose of exercising his voting privilege. The Attorney General has considered your request for an opinion wherein you ask the following questions: 1. If an employee has a normal work day which begins at 8:00 a.m. and concludes at 5:00 p.m. and said employee satisfies the requirements set out in 26 O.S. 7-101 [26-7-101] and the employer of said employee fails, refuses or neglects to assign or select said employee the hours in which he may be absent from his duty for the purpose of voting, would such an employer be in compliance with 26 O.S. 7-101? 2. If an employer fails, refuses or neglects to assign an employee a period of time in which to vote and said employee has satisfied the requirements of 26 O.S. 7-101 [26-7-101], would the provisions of 26 O.S. 7-101 [26-7-101] allow such an employee to arbitrarily leave his job at 4:00 p.m. for the purpose of voting? 3. Under the circumstances set out in question No. 2, would 26 O.S. 7-101 [26-7-101] allow such an employee to arbitrarily leave his job at 3:00 p.m. for the purpose of voting? 4. Do the provisions 26 O.S. 7-101 [26-7-101] require an employee to request from his employer a change in his scheduled work day for the purpose of exercising his voting rights under 26 O.S. 7-101? It is initially noted that 26 O.S. 7-101 [26-7-101] (1977) provides as follows: "Every corporation, firm, association or individual hereinafter referred to as 'employer' who on election day, has a registered voter employed or in his service, shall grant said employee two (2) hours of time during the period when the election is open in which to vote, and if such employee be in the county or at such distance from the voting place that more than two (2) hours are required in which to attend such elections, then he shall be allowed sufficient time in which to cast his ballot. No such employee shall be entitled to such time to vote unless he notifies orally or in writing an employer's representative of his intention to be absent, on the day preceding the election day. Upon proof of voting, such employee shall not be subject to any loss of compensation or other penalty for such absence. Such employer shall select the hours which such employees are to be allowed in which to attend such elections, and shall notify each of the employees which hours they are to have in which to vote. This section shall not apply to an employee whose work day begins three (3) hours or more subsequent to the time of opening of the polls or ends three (3) hours or more prior to the time of closing the polls. The employer may change the work hours to allow such three (3) hours before the beginning of work or after the work hours. This act shall not apply to school board or bond election. An employer who fails to comply with this section shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00)." In response to your first question, it is noted that 26 O.S. 7-101 [26-7-101] (1977) specifically imposes upon the employer a duty to select the hours which employees complying with the provisions thereof are to be allowed in which to attend such elections, and to notify each of said employees which hours they are to have in which to vote. As a general rule of statutory construction, legislative enactments must be interpreted in accordance with their plain ordinary meaning or according to the import of the language used. Nikkel v. Stifel, Nicolaus and Co., Inc., at 542 P.2d 1305
(1975). It is therefore apparent that should an employer who falls within the provisions of said statute fail, refuse, or neglect to assign or select the hours in which an employee complying with the provisions of said act may be absent from his duty for the purpose of voting, such employer would be in violation of 26 O.S. 7-101 [26-7-101] (1977). In response to your second and third questions, it is noted that the provisions of 26 O.S. 7-101 [26-7-101] (1977) impose the duty upon any employer falling in the contemplation thereof to provide employees complying therewith sufficient time in which to cast their ballots; however, said act does not provide said employees the right to arbitrarily leave their job at any specific time for the purpose of voting. As a general rule of statutory construction, it is noted that the plain meaning of words of a statute may not be expanded by construction. Ridley Packing Company v. Holliday, 467 P.2d 480 (1970). It is therefore apparent that if an employer fails, refuses or neglects to assign an employee a specific period of time in which to vote, 26 O.S. 7-101 [26-7-101] (1977) does not provide said employee the right to arbitrarily leave his job at a specific time for the purpose of voting. In response to your third question, it is noted that the only duty imposed upon an employee to bring him within the contemplation of the statute is that he notify orally or in writing an employer's representative of his intention to be absent, on the day preceding the election day. Should an employee notify his employer of said intention, the employer then has the duty to notify said employee of the hours which he shall have in which to vote. Therefore, it is apparent that the provisions of 26 O.S. 7-101 [26-7-101] (1977) do not require an employee to specifically request from his employer a change in his scheduled work date for the purpose of exercising his voting privilege. It is, therefore, the opinion of the Attorney General that your questions should be answered as follows: An employer who fails, refuses or neglects to assign or select the hours in which an employee who has satisfied the requirements as set out in 26 O.S. 7-101 [26-7-101] (1977) may be absent from his duty for the purpose of voting is in violation of the provisions of 26 O.S. 7-101 [26-7-101] (1977). The provisions of 26 O.S. 7-101 [26-7-101] (1977) impose upon the employer the duty of selecting the hours in which employees complying with the provisions thereof are to be allowed in which to attend elections and notifying each of said employees which hours they are to have in which to vote; however, should an employer fail, neglect or refuse to assign an employee a specific time in which to vote, said statute does not provide an employee the right to arbitrarily leave his job at a specific time for the purpose of voting. The provisions of 26 O.S. 7-101 [26-7-101] (1977) do not specifically require an employee to request from his employer a change in his scheduled work day for the purpose of exercising his voting privilege. (LARRY D. BARNETT) (ksg) ** SEE: OPINION NO. 72-243 (1972) **