The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Does the Capitol-Medical Center Improvement and Zoning Commission have authority to enact regulations which allows the Commission to assess a penalty against a person in violation of a Commission zoning regulation? The state statutes relevant to your inquiry are found at 73 O.S. 82.1 [73-82.1] et seq. (1971), as amended. 73 O.S. 82.1 [73-82.1] sets forth the purpose for which the Capitol-Medical Center Improvement and Zoning Commission was created and reads as follows: "It is the purpose of 73 O.S. 82.1 [73-82.1] — 73 O.S. 83.11 [73-83.11] to provide a comprehensive plan for the orderly development of the district surrounding the State Capitol and the Medical Center of the University of Oklahoma under direct supervision of the state itself, rather than by its governmental subdivisions; to promote the general welfare of the state in respect of the State Capitol, other state properties and the Medical Center of the University of Oklahoma, and the surrounding area, and to promote the general welfare of the several property owners of the area hereinafter described." 73 O.S. 83 [73-83] delineates the boundaries of the Capitol-Medical Center Improvements and Zoning District while 73 O.S. 83.2 [73-83.2] describes the authority of the Capitol-Medical Center Improvement and Zoning Commission as follows: "The Capitol-Medical Center Improvement and Zoning Commission, after adoption of a master comprehensive plan as hereinafter provided, shall have exclusive authority over the zoning and regulation of the utilization of all property in the above described District and no planning or zoning commission of any subdivision of the State thereafter shall have any authority or jurisdiction within said area. The Commission also shall have authority to approve or disapprove the location and design Or any improvements hereafter to be placed upon any land with said District, and no improvement hereafter shall be placed upon any land within said District, unless the location and design thereof shall be approved by said Commission. The word `improvements' as used in 73 O.S. 82.1 [73-82.1] — 73 O.S. 83.11 [73-83.11] shall include but not be limited to (1) buildings, including additions to and alterations thereof, (2) highways and thoroughfares, and access facilities thereto, (3) parking lots and facilities, and (4) and all other constructions or erections whatsoever, except that the word `improvements' shall not include existing municipal streets, alleys or utility services, nor the maintenance or improvement thereof, except insofar as the same serve State buildings or are located upon State land." 73 O.S. 83.3 [73-83.3] through 73 O.S. 83.10 [73-83.10] authorizes the Commission to enter into agreements with the City of Oklahoma City, provides for the adoption of rules and regulations, sets forth procedure for issuing permits and establishes appeal procedures. Nothing therein contained, however, authorizes the Commission to assess penalties against a violator of a Commission zoning regulation. 73 O.S. 83.11 [73-83.11] addresses the powers of the Commission and reads as follows: "The Capitol-Medical Center Improvement and Zoning Commission shall constitute a body corporate for purposes of instituting and defending litigation to enforce its rules, regulations, decisions and orders; and it may, in its name, institute or defend actions by and on its own behalf, or in behalf of the owner or owners of any property within said District, to enjoin any breach or violation thereof. No bonds shall be required of said Commission in any such action for the issuance of any temporary or permanent order, or an appeal. The Com mission shall have the power to hire a Director and professional staff, enter into contracts of any lawful nature and shall further have the power to do any and all acts necessary to the effectuation of the purposes of this Act." The specific reference contained in 73 O.S. 83.11 [73-83.11] that the Com mission "shall constitute a body corporate for purposes of instituting and defending litigation to enforce the rules, regulations, decisions and orders; and it may, in its own name, institute or defend actions by and on its own behalf, or in behalf of the owner or owners of any property within said District, to enjoin any breach or violation thereof . . . ." establishes the procedure to be followed by the Commission to enforce a Commission zoning regulation. Thus, when a zoning regulation has been violated, the Commission, by the express terms of 73 O.S. 83.11 [73-83.11] (1971) is empowered to institute court proceedings by maintaining an action to force compliance with the particular regulation violated. As recognized in Nucholls v. Board of Adjustment of City of Tulsa, Okla., 560 P.2d 556
(1976) the validity of zoning regulations may not exceed the power delegated by statute and such use of excessive power is invalid and void. The Capitol Medical Improvement and Zoning Commission is therefore not authorized to extend a wider scope of its powers than that granted by the Legislature. It is neither expressed nor implied in 73 O.S. 82.1 [73-82.1] et seq. (1971), as amended, that the Commission has authority to assess penalties for a violation of a Commission zoning regulation. It is, therefore, the opinion of the Attorney General that the Capitol-Medical Improvement and Zoning Commission does not have authority to enact regulations which allows the Commission to assess a penalty against a person who is in violation of a zoning regulation. (MICHAEL JACKSON) (ksg)