The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Is there any prohibition against the OETA accepting advertisements in its monthly publication of ODYSSEY as long as no facilities controlled by the Authority are used as set forth in 70 O.S. 23-102 [70-23-102] (1978) and 70 O.S. 23-103 [70-23-103](8) (1971)? The purpose of the Oklahoma Educational Television Authority (OETA) as defined in 70 O.S. 23-101 [70-23-101] (1971), is: ". . . to provide a statewide educational television system, including any arrangements for extension thereof and interchanges and rentals as may be necessary in establishing such statewide facilities . . . ." The nexus of your question stems from 70 O.S. 23-102 [70-23-102] (1971) which provides: "It shall be unlawful for the Authority to permit any individual, company, corporation, or organization to advertise or otherwise attempt to sell its products or services through the use of the facilities controlled by the Authority; . . . provided, however, that nothing in this section shall be construed in a manner which would exclude announcements and programs of nonprofit charitable and educational organizations which are for the public good." (Emphasis added) Title 70 O.S. 23-104 [70-23-104](8) (1971) defines "facilities" as: " . . . all equipment, and properties plus the construction and operation thereof at any given point, together with all rights, easements, leases, and interests which may be acquired by the Authority for said construction and operation which may be deemed necessary for the accomplishment of the purposes set forth in 70 O.S. 23-101 [70-23-101] of this article." The question of whether OETA can accept advertising in its monthly publication of ODYSSEY turns upon whether the publication of ODYSSEY itself is included under the definition of "facilities." When determining the application of a law, primary consideration should be given to the plain ordinary meaning of the words. Ridley Packing Co. v. Holliday, 467 P.2d 480 (Okl. 1970). But here the statutory definition of "facilities" is subject to the rule of "ejusdem generis," i.e., that general words which follow particular words will be considered applicable only to things of the same general character, kind, nature or class enumerated and cannot include wholly different things. Nucholls v. Board of Adjustment of City of Tulsa, 560 P.2d 556 (Okl. 1977). Thus when referring to "facilities", one must refer to a class of property, real, personal, and intangible. The use of the term "equipment" and "properties," including all interests and rights herein, provides a rather all-inclusive limitation on the use of OETA's facilities for advertising purposes. Such "properties" as are included within the limitation must, of necessity, include but not necessarily be limited to office equipment, photographic facilities and funds held by the state whether obtained by gift or appropriation. To the extent that the facilities of OETA are employed in the publication of the ODYSSEY, the publication may not be used as a vehicle for advertising. It is, therefore, the official opinion of the Attorney General that the provisions of 70 O.S. 23-102 [70-23-102] (1978) prohibits the Oklahoma Educational Television Authority from accepting advertisements in its monthly publication of ODYSSEY if any "facilities," as that term is defined in 70 O.S. 23-104 [70-23-104](8) (1971), are used in the process of publication. (MANVILLE T. BUFORD) (ksg)