HALE COMPUTER SYSTEMS, INC.,
an Oklahoma corporation,
Petitioner,

v.

The BANKING BOARD OF the STATE
OF OKLAHOMA, comprised of Robert
Y. Empie, Bank Commissioner, John T.
Hannah, George W. Lowry, Emory
Crow, and Loretta Jackson, Members;
Commercial BancServices, Inc., an
Oklahoma corporation; and Republic
Bank and Trust, Respondents.

No. 57278.

Supreme Court of Oklahoma.

Feb. 1, 1983.

Robinson, Boese & Davidson by James G. Fehrle, Tulsa, for petitioner.

Prichard, Norman & Wohlgemuth by Timothy J. Sullivan, Tulsa, for respondents, Republic Bank and Trust, and Commercial BancServices, Inc.

Sandi Cone Silkey, Oklahoma City, for respondent, The Banking Bd. of the State of Okl.

HODGES, Justice.

The question presented is whether the Banking Code, 6 O.S. 1981 § 207,[1] authorizes the imposition of attorney fees as "costs of appeal" if the fees are incurred during administrative proceedings conducted by the Banking Board while an appeal is pending?

A petition for certiorari was filed in this case by Republic Bank and Trust (Republic) and Commercial BancServices, Inc. (Banc-Services) when, after an opinion was promulgated by the Court of Appeals, Hale Computer Systems, Inc. (Hale) requested that attorney fees be assessed as costs of appeal pursuant to 6 O.S. 1981 § 207. The Court of Appeals complied with the request and imposed a fee of $33,497.50, premised solely on Hale's attorneys' verified representation that the fee included 376 hours of

---

1. It is provided by 6 O.S. 1981 § 207 in pertinent part:

 * * * * * *

"The Court may, in disposing of the issue before it, determine all issues of law and fact, and may modify, affirm or reverse the order or decision of the Board in whole or in part. The Court may assess costs of the appeal against the losing party, to include the costs of the filing fee, transcripts and reasonable attorney fees."

attorney time, filing fees and cost of the transcript. It is apparent that a major portion of the fees were incurred in the preparation and submission of pleadings and briefs and in appearances before the Banking Board. The Court of Appeals agreed with Hale's contention that any costs incurred in the administrative proceedings before the Banking Board after commencement of the appeal could properly be included in the "costs of appeal." We do not agree.

 Attorney fees, with certain exceptions,[2] are not recoverable to a prevailing party in the absence of a statute or of an enforceable contract.[3] In *Hamilton v. Telex Corp.*, 625 P.2d 106, 109 (Okl.1981), this Court held that attorney fees assessed as costs to the prevailing party, embraces all fees incurred in the types of actions enumerated in 12 O.S. 1981 § 936, including reasonable attorney fees on appeal. Banking Board proceedings are not mentioned in § 936. No authority is cited by Hale for the award of attorney fees before the Banking Board and our research has disclosed none. Although 6 O.S. 1981 § 207 permits recovery of reasonable attorney fees as costs of appeal, "costs of appeal" may not be construed as including proceedings which precede the appeal, unless they are enumerated by the statute. This Court may not ignore the plain words of the statute,[4] nor may it expand their meaning by construction.[5] The statute provides for "costs of appeal" rather than the broader term, "costs", and it specifically delineates the items which are recoverable—filing fees, transcript expenses, and reasonable attorney fees.

The cause is remanded to the Court of Appeals, Division I, with directions to select a trial judge to act as referee for the purpose of eliciting evidence on the value of attorney fees and court costs resulting from the filing of this appeal only, based on the guidelines delineated in *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 661 (Okl.1979).[6] Upon reviewing this record, the Court of Appeals is directed to enter an award for attorney fees and costs.

**REVERSED AND REMANDED WITH DIRECTIONS.**

All the Justices concur.

2. For exceptions see *State ex rel. Burk v. Oklahoma City*, 522 P.2d 612 (Okl.1973) [creation of common fund] and *City Nat. Bank & Trust Co. v. Owens*, 565 P.2d 4 (Okl.1977) [misconduct of litigant].

3. *State ex rel. Poulos v. State Bd. of Equalization*, 646 P.2d 1269, 1274 (Okl.1982).

4. *Allgood v. Allgood*, 626 P.2d 1323, 1327 (Okl. 1981).

5. *Ridley Packing Co. v. Holliday*, 467 P.2d 480 (Okl.1970).

6. This Court promulgated standards to be followed in *Burk* on January 24, 1979, and decreed that thereafter detailed time records and evidence of the reasonable value for the services performed, predicated on the standards within the local legal community must be proffered to the court. See also *Oliver's Sports Center v. Nat. Standard Ins. Co.*, 615 P.2d 291, 293 (Okl.1980).