OPINION — AG — ** CITY — COUNTY PLANNING COMMISSION — BOARD OF ADJUSTMENT — LEGAL EFFECT ** (1) THE LEGAL EFFECT OF ACTION TAKEN BY A CITY — COUNTY PLANNING COMMISSION WHERE A COUNTY BOARD OF ADJUSTMENT DOES 'NOT' EXIST IS A QUESTION OF FACT. (A) WHERE AN ORDINANCE ENACTED PURSUANT TO THE CITY — COUNTY PLANNING AND ZONING ACT DOES 'NOT' PROVIDE FOR THE CREATION AND APPOINTMENT OF A COUNTY BOARD OF ADJUSTMENT, ACTION TAKEN BY THE PLANNING AND ZONING COMMISSION IN INVALID. (B) WHERE AN ORDINANCE ENACTED PURSUANT TO THE CITY — COUNTY PLANNING AND ZONING ACT PROVIDES FOR THE CREATION AND APPOINTMENT OF A COUNTY BOARD OF ADJUSTMENT, BUT A FUNCTIONING BOARD HAS NOT BEEN APPOINTED, ACTION TAKEN BY THE PLANNING AND ZONING COMMISSION IS NOT INVALID. A PROPER PARTY MAY SEEK A WRIT OF MANDAMUS TO COMPEL THE APPOINTMENT OF THE NECESSARY MEMBERS AS PROVIDED BY THE ENABLING ACT. (DEFINITIONS, METROPOLITAN AREA PLANNING COMMISSION, COUNTY OFFICERS, POPULATION, APPOINTMENTS, PROCEDURE) CITE: 12 O.S. 1451 [12-1451] 19 O.S. 866.1 [19-866.1], 19 O.S. 866.2 [19-866.2], 19 O.S. 866.22 [19-866.22], ' FINN V. MUNICIPAL COUNCIL OF CITY OF CLINTON — 53 A.2D 790 ', ' FLETCHER V. FEENEY — 400 A.2D 1084 ', ' LEONE V. BREWER — 184 N.E. 111 ', ' MICHAELS V. TOWNSHIP COMMITTEE OF PEMBERTON TOWNSHIP — 67 A.2D 324 ', ' STATE EX REL KRAMER V. SCHWARTZ — 82 S.W.2d 63 ', ' NUCHOLLS V. BOARD OF ADJUSTMENT OF CITY OF TULSA — 560 P.2d 556 ' (BETTY ELROD HUNTER) ** SEE OPINION NO. 92-558 (1992)