## ARN v. ELMS.

No. 7541—Opinion Filed June 27, 1916.
(158 Pac. 1150.)

### Judgment—Set-Off—Power of Court.

Where there are mutual judgments in the same court, between the same parties, the court has the power to set off one judgment against the other, either in an equitable proceeding or upon motion; but the exercise of this power is in a measure discretionary, and the determination therefore to be upon strictly equitable principles.

(Syllabus by Rittenhouse, C.)

Error from District Court. Caddo County; Cham Jones, Judge.

Action by Ida Elms against S. S. Arn. Judgment for plaintiff, and defendant brings error. Affirmed.

Bristow & McFadyen, for plaintiff in error.

V. D. Bullen, for defendant in error.

Opinion by RITTENHOUSE, C. On May 20. 1913, S. S. Arn recovered judgment in the district court of Caddo county. Okla., against Ida Elms and Ed Elms in the sum of $452.51, with interest and costs. On May 20, 1914, Ida Elms recovered judgment,. in the same court, against S. S. Arn in the sum of $100. with interest and costs. Subsequently S. S. Arn filed a motion asking that the judgments be set off, one against the other, up to the amount of the smaller judgment. This the court refused, and the cause is brought here for review based solely upon such refusal.

The mere existence of mutual judgments is not sufficient to entitle a party. as a legal right. to an order directing a set-off; but the question as to whether or not one judgment should be set off against another is to be determined upon equitable consideration, and is in a measure discretionary with the trial court.

In the case of Herman et al. v. Miller, 17 Kan. 328:

"While the courts have the power to offset judgments upon motion, yet the exercise of that power is in a measure discretionary, and it will not be exercised in cases in which it would be inequitable to do so."

In the case of Schuler v. Collins et al., 63 Kan. 372, 65 Pac. 662, it is said:

"The existence of mutual judgments does not entitle a party to have one set off against the other arbitrarily as a matter of right. Whether application for set-off is by motion or through a proceeding in equity, it is to be determined upon equitable consideration, and is only allowed when it will promote substantial justice. This was the ruling in Herman v. Miller, 17 Kan. 328, where it was said that 'The exercise of that power is in a measure discretionary, and it will not be exercised in cases in which it would be inequitable to do so.'"

In the instant case, there was an absence of any evidence on the subject, the mere existence of the two judgments did not give to the defendant the right to arbitrarily have

one judgment set off against the other, and from the record we cannot say that the court abused its discretion.

The cause should therefore be affirmed.

By the Court. It is so ordered.