**WHITEDAY, Constable, et al. v. ROBERTS.**

No. 23671.　April 9, 1935.

A. C. Brewster, for plaintiffs in error.

R. A. Wilkerson, for defendant in error.

BUSBY, J. This case involves the question of set-off of a judgment obtained for the value of exempt property seized and sold on attachment.

On November 16, 1929, Ed Phipps obtained a judgment in the justice of the peace court of Mayes county against L. S. Roberts. An abstract of this judgment was subsequently filed in the district court. The abstract disclosed an unpaid balance due on the judgment of $68.09.

On October 1, 1930, L. S. Roberts obtained a judgment against Ed Phipps and others for $140 in the district court of Mayes county. This judgment was for the value of exempt personal property unlawfully levied on under attachment orders.

An appeal was not taken from either of the above judgments and both are final.

On the 26th day of September, 1931, Ed Phipps and the other judgment debtors in the judgment rendered in the district court filed a motion to set off the amount due under the justice of the peace judgment against the amount due under the district court judgment. L. S. Roberts filed a response to this motion, and the matter was heard in the trial court on the 25th day of November, 1931. It was decided that the justice of the peace judgment could not be set off against the district court judgment. The apparent reason for the decision of the trial court was that a judgment for an ordinary debt cannot be offset against the judgment for the wrongful conversion of exempt personal property, because such an offset would be equivalent to permitting a judgment creditor of a judgment for an ordinary debt to satisfy his debt from exempt personal property.

The ruling of the trial court was correct. In the case of Arn v. Elms, 59 Okla. 235, 158 P. 1150, we said in the syllabus:

"Where there are mutual judgments in

the same court, between the same parties, the court has the power to set off one judgment against the other, either in an equitable proceeding or upon motion; but the exercise of this power is in a measure discretionary, and the determination therefore to be upon strictly equitable principles."

In 25 C. J. page 128, the general rule applicable to this case is stated in the following language:

"According to the weight of authority a set-off cannot be allowed where it would defeat a debtor's exemption rights. This is particularly true where it is sought to enforce a set-off against a judgment for trespass to or conversion of the exempt property. * * *"

In disposing of a similar question the Supreme Court of Kansas in the case of Treat v. Wilson, 70 P. 893, in paragraph 2 of the syllabus, said:

"A judgment obtained for the value of exempt personal property seized and sold on execution takes the place of the exempt property, and is exempt. A set-off against such exempt judgment in the hands of the original judgment creditor will not be permitted"

—and in the body of the opinion prepared for the court by Mr. Justice Pollock:

"The only remaining question is the right of defendant to set off his judgment against the judgment of plaintiff. This right was denied by the trial court. It is claimed the court erred. It will be remembered the judgment upon which plaintiff grounds his right of recovery is alleged in the petition to have been obtained for the value of property, exempt to him, taken upon execution. Ample proof of this fact was made upon the trial. Can the defendant have his judgment set off against such judgment? Clearly not. It is shown that the span of horses taken on execution was exempt to plaintiff, and could not have been seized in execution or upon other legal process for the collection of plaintiff's debts when taken. The judgment recovered by plaintiff was for the value of this exempt property. The judgment so obtained stands in the place of the property, and is exempt to plaintiff. As defendant could not have seized the horses exempt to plaintiff upon execution issued for the enforcement of his judgment if they had remained unsold, because they were exempt, neither can he, by way of set-off in this action, or other legal proceeding, seize and apply the judgment obtained by the plaintiff as the owner of such exempt property. (Citing authorities.) The set-off demanded was properly disallowed."

Under the foregoing authorities, the decision of the trial court in this. case is affirmed.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.