### WIDICK et al. v. PHILLIPS PETROLEUM CO. et al.

No. 27210.   July 13, 1937.

A. L. Commons and Gayle Pickens, for plaintiffs in error.

R. H. Hudson and Rayburn L. Foster, for defendants in error.

OSBORN, C. J. On January 22, 1932, the Phillips Petroleum Company filed an action against O. H. Widick. on a promissory note for the sum of $1,931.06, and for foreclosure of mortgage securing same, in the district court of Ottawa county. Thereafter, on February 15, 1932, the defendant Widick, employed Frank Nesbitt, an attorney, to represent him and an answer and

counterclaim was filed asking for judgment over and above the amount of the note for $6,175 as damages for breach of employment contract by the plaintiff, Phillips Petroleum Company.

There was an agreement between attorney Nesbitt and the defendant Widick, whereby the attorney was to receive as a fee 50 per cent. of the amount recovered for defendant on counterclaim in the action. On November 14, 1932, the cause was tried to a jury and after the introduction of the evidence the plaintiff Phillips Petroleum Company dismissed its cause of action, and the case was submitted to the jury on the counterclaim of defendant.

The jury returned a verdict in favor of defendant and against the plaintiff for the sum of $3,000. The court rendered judgment accordingly, from which an appeal was prosecuted to the Supreme Court, where the judgment was affirmed. A mandate was filed with the court clerk of Ottawa county on October 10, 1935, and on the following day the attorney, Nesbitt, had the clerk to endorse on the margin of the judgment docket his lien claim for 50 per cent. of said judgment, which recited that the lien claim was endorsed on the appearance docket April 14, 1932, the date on which the answer and counterclaim was filed.

On June 8, 1933, during the pendency of the above case in the Supreme Court, the plaintiff Phillips Petroleum Company filed another suit against the defendant Widick, in the district court of Washington county, on the same note and mortgage originally sued on in the district court of Ottawa county. Service was obtained on the defendant Widick in Washington county, and the case in due course proceeded to trial and plaintiff secured judgment against defendant for the full amount of the note and interest, amounting to $2,241.21, and for foreclosure of mortgage, which was given on a leasehold estate and which was held by the court to be in the nature of a chattel mortgage, and therefore the district court of Washington county had jurisdiction. The case was duly appealed to this court and affirmed (173 Okla. 325, 49 P. [2d] 132). No supersedeas bond was given. Pending the appeal, the plaintiff Phillips Petroleum Company foreclosed its mortgage and sold the property for $375, which was applied on its judgment.

In December, 1934, the Seneca Discount Company secured a judgment against the said O. H. Widick for $475 and costs, and on December 7, 1935, sought to collect same in a garnishment proceeding against the Phillips Petroleum Company as the judgment creditor of the said Widick. The garnishment proceeding was held in abeyance by a proceeding in the United States District Court of the Northern District of Oklahoma filed by the Phillips Petroleum Company, asking for a determination of the rights of the parties under the various judgments heretofore mentioned. The federal court held that the district court of Ottawa county was the proper court in which the controversy should be adjudicated and dismissed the action. Immediately thereafter, on March 4, 1936, the Phillips Petroleum Company filed a motion in the original case, in the district court of Ottawa county, asking that the court render judgment offsetting the judgment Widick had against it in the district court of Ottawa county over and against the judgment it held against Widick in the district court of Washington county, and to determine the rights of the garnishee and all parties interested in the residue, if any, over and above the amount of the judgment of the Phillips Petroleum Company of $2,242.21, less credits from sale of mortgaged property. The movant, Phillips Petroleum Company, disregarded the rights of the attorney Nesbitt, acquired by reason of his contract of service and attorney's lien, claiming to have had no notice of his rights. The attorney had intervened in this proceeding setting up his rights and claim for 50 per cent. of the original judgment for $3,000, and $600 accrued interest. Issues were joined by all the parties in interest, the Phillips Petroleum Company, as plaintiff, O. H. Widick, defendant, the Seneca Discount Company, garnishee, and Frank Nesbitt, intervener.

On March 31, 1936, the court rendered judgment permitting the plaintiff Phillips Petroleum Company to offset its judgment against the defendant Widick, over and against the judgment Widick held against it, to the prejudice and in disregard of intervener Nesbitt's lien claim for attorney's fee, except the judgment required the plaintiff Phillips Petroleum Company to pay to the attorney $250, and provided that the excess due Widick on his judgment against Phillips Petroleum Company of $1,160 should be divided between Widick and his attorney Nesbitt, "as they might agree," subjecting Widick's portion, which

he might receive by reason of any mutual agreement between him and his attorney, to the garnishment of the Seneca Discount Company to the extent of $300 only. The garnishee accepted the judgment of the court and took no appeal. The defendant Widick and the intervener, Nesbitt, have duly presented an appeal, and the plaintiff Phillips Petroleum Company prosecutes a cross-appeal as to the judgment requiring it to pay the sum of $250 to intervener Nesbitt.

The dismissal of plaintiff's cause of action in the original action resulted in the defendant Widick securing judgment for the full amount that he was entitled to under his counterclaim, $3,000; whereas had plaintiff Phillips Petroleum Company not dismissed its action which had been substantially admitted, the defendant Widick would only have been entitled to recover the difference between his judgment of $3,000, received on the counterclaim and the amount of plaintiff's claim, afterwards reduced to judgment, or about $1,000.

The judgment appealed from is clearly erroneous. There is no pleading upon which the provisions in the judgment requiring the plaintiff Phillips Petroleum Company to pay $250 as the attorney's fee can be based, and no law or rule of equity is called to our attention justifying the same. Likewise, the subjection of the judgment to the rights of the garnishee to the extent of $300 was unauthorized, and the provisions requiring the defendant Widick and his attorney to divide the residue of the judgment "as they might agree" was wholly unauthorized. Finding that the judgment cannot be affirmed, and this being in the nature of an equitable proceeding, it becomes the duty of this court to carefully consider all the facts and circumstances surrounding the case and direct judgment accordingly.

The trial court found that the judgments should be set off one against the other, it being regarded as a suit in the nature of equity and a matter within the discretionary powers of the court, and where the court cannot say that there has been an abuse of discretion, the judgment will be followed by this court in so far as it is found to be correct. Arn v. Elms, 39 Okla. 235, 158 P. 1150. We hold that the judgment of the trial court is correct in the general finding that the judgments involved should be set off, one against the other, but the judgment is erroneous and inequitable in the application of the law as to the rights of the intervener, Nesbitt.

This court, in the recent case of Cherry v. Erwin & Erwin, 173 Okla. 511, 49 P. (2d) 788, under similar circumstances, held:

"Attorneys have a lien upon judgments obtained by them for payment for their services, and they may make their liens effective by entering the same in the judgment docket opposite the entry of the judgment at any time before rights of third persons intervene, and such method is in addition to their right to make the same effective by giving written notice to the adverse party of their lien claim, or by endorsement of their lien claim on the petition.

"The right to set off judgments is upon strictly equitable principles, and the mere existence of mutual judgments, though in the same court, does not entitle a party, as a legal right, to an order directing a set-off, and is only allowed when it will promote substantial justice, and will not be exercised in cases wherein it would be inequitable to do so."

We quote further from the body of the opinion:

"Appellant contends that his right to set off his deficiency judgment against the Boyles judgment is superior to the claim of Erwin & Erwin for their attorneys' fees under the lien, and they further contend that though these attorneys might have had a lien on the judgment had they perfected same by following the provisions of the statute, the statute (O. S. 1931, sections 4204, 4206) provides that attorneys may endorse their lien claim on the petition or may give notice to the adverse party of their lien claim, and it provides a third method by which attorneys may, after judgment in any court of record, enter their lien claim in the judgment docket opposite the entry of the judgment. This may be done at any time before the rights of third persons intervene. In this case the defendants in error so entered their judgment lien before the appellant filed his suit asking for the set-off of his deficiency judgment against the Boyles judgment."

Under this announcement of law the lien claim was made a matter of record prior to the time plaintiff had filed its motion asking for an offset, and in view of the fact that the plaintiff dismissed its action in the original suit making it possible for defendant to recover the full amount of his counterclaim, and waiving for the time being his right to claim the offset, which was substantially admitted, and for the further reason that plaintiff instituted numerous suits growing

out of the same subject matter, and which would have been settled and finally disposed of in the original suit had plaintiff not dismissed, and against which suits defendant had to defend, the attorney Nesbitt, intervener, appearing in all the cases, and as disclosed by the record received no compensation for his services and has no hope of receiving any except by reason of the lien claim here in controversy, it being admitted that the defendant Widick is now insolvent, equity requires the protection of Nesbitt's claim for attorney's fees. We think in view of all the circumstances that the plaintiff is estopped, and that it would not be equitable to permit it to offset the entire judgment or so much thereof as is necessary to satisfy the judgment it holds in its favor against the defendant Widick, to the prejudice of the attorney's right under his lien claim.

In the case of Heston v. Finley (Kan.) 236 P. 841, it is held:

"The setting off of judgments is governed by equitable considerations, and such set-offs are not permissible where intervening rights would be prejudiced thereby."

In the case of Adair v. First Nat'l Bank, 139 S. C. 1, 137 S. E. 192, 51 A. L. R. 1269, it was held:

"A judgment in plaintiff's favor assigned to his attorney in pursuance of a contract for contingent fees is not, so far as the attorney's claim is concerned, subject to the set-off of a prior judgment entered against plaintiff in favor of defendant."

We quote further from the body of the opinion:

"As a matter of common justice and as a matter of public policy, courts must protect attorneys when their conduct has been as fair and as profitable to their clients, as was the case in the matter now in question. But for the efforts of the attorneys for respondent in this case there would have been nothing to offset on the judgment of appellant. Appellant conceded nothing until forced to do so by the verdict of 12 men by the assistance of respondent's attorneys. And the only interest respondent had in the judgment was what was left after his attorneys had been paid; that is, what is just and right in this case, and that is what we hold."

Following the principle enumerated and the reasoning in the above authorities, we find that the judgment of the trial court should be modified to the extent that the plaintiff Phillips Petroleum Company is entitled to offset the judgment against it for $3,000, together with interest, in favor of the defendant Widick, only to the extent of the defendant's interest in same, or one-half is subject to the lien claim of the intervener, attorney Nesbitt. The judgment with accrued interest at the time of trial was $3,600, one-half, or $1,800, the interest of defendant being less than the amount of judgment for $2,531.90, in favor of plaintiff and against defendant, leaves no residue subject to the rights of the garnishee. The part of the judgment for $250 against the plaintiff and in favor of the intervener is reversed. Likewise, we find no authority for the judgment of $300 in favor of the garnishee and same is reversed. The case is, therefore, reversed in every particular except on the general proposition that the judgments may be used as an offset one against the other, but limited by this opinion to the extent of the interest of plaintiff and defendant as they appear under this view, judgment should be rendered in favor of the plaintiff Phillips Petroleum Company, sustaining its motion to offset its judgment against the judgment held by the defendant against plaintiff to the extent of defendant's interest, or one-half of the judgment and accrued interest, and that intervener, Nesbitt, have judgment for the remaining one-half of the judgment and accrued interest.

Reversed, with directions to enter judgment in accordance with the view hereinabove expressed.

BUSBY, WELCH, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., and RILEY and PHELPS, JJ., absent.