The QUAPAW COMPANY, an Oklahoma Corporation, Appellant,

v.

H. B. VARNELL, Appellee.

No. 49408.

Court of Appeals of Oklahoma, Division No. 1.

May 3, 1977.

Released for Publication by Order of Court of Appeals May 26, 1977.

Watson & Watson by Charles D. Watson, Jr., Drumright, for appellant.

Rainey, Barksdale & Barksdale by Bill Barksdale, Okmulgee, for appellee.

BOX, Judge:

An appeal by the Quapaw Company (Quapaw) from a jury verdict in favor of H. B. Varnell (Varnell) arising out of an oral contract of employment; also a cross appeal by Varnell contesting the amount of the jury verdict and the allowing of attorney's fees to Quapaw.

The pleadings and proceedings reveal the following transpired: An action to recover money based upon an alleged breach of four oral employment contracts was filed by H. B. Varnell against the Quapaw Company, an Oklahoma corporation. The first contract related to the Blue Chip Quarry in Okmulgee County, Oklahoma; the second to a job in Broken Bow, Oklahoma; the third for a job near Nowata, Oklahoma, and the fourth cause of action was based on the asserted failure of Quapaw to pay vacation time during 1971.

For answer, Quapaw filed a general and specific denial as to each separate cause of action.

During the pleading stages, interrogatories were propounded by Quapaw and answered by Varnell; depositions were taken of other parties, after which Quapaw filed its Motion for Summary Judgment. From the overruling of same by the trial court, an appeal was taken by Quapaw to the Supreme Court. The Supreme Court sustained Quapaw as to Varnell's third and fourth causes of action, returning the case to the district court for trial on Varnell's first and second causes of action. After trial was had to a jury, a verdict was returned in Varnell's favor, as follows:

> We, the jury impaneled and sworn in the above entitled cause, do upon our oaths, find for the Plaintiff on his First Cause of Action and fix the amount of his recovery at $6,000.00

> We, the jury impaneled and sworn in the above entitled cause, do upon our oaths, find for the Plaintiff on his Second Cause of Action and fix the amount of his recovery at $ X X X.

Thereafter, both Varnell and Quapaw filed their application for an attorney's fee, each alleging that they were the prevailing party under 12 O.S.1971, § 936. The trial court found that each party was a prevailing party, setting Varnell's attorney fee at $1,800.00 and Quapaw's attorney fee at $2,400.00.

Both sides appeal. We will first take up Quapaw's appeal wherein it is contended as follows:

> PROPOSITION I: Party alleging an oral contract has burden of proving same, including fact that minds of parties met on all terms thereof, and where evidence does not reasonably and competently support such burden, verdict establishing validity of alleged oral contract must be reversed.

Without setting out the evidence in detail, from a review of same it reveals that there were contracts of employment entered into between the parties, the existence of which was admitted by the president of Quapaw.

Quapaw cites several encyclopedia references and two cases which held that plaintiff had the burden of proving the contract and its terms. However, Quapaw makes no reference to any specific defect or testimony tending to prove that there were no contracts. The terms of the contracts were the matter of controversy between the parties. It is well settled that "the Supreme Court will not invade the province of the jury to weigh the evidence on appeal." *Illinois Bankers Life Ass'n v. Hardy,* 174 Okl. 326, 51 P.2d 292; *Oklahoma Union Ins. Co. v. Morgan,* Okl., 32 P.2d 285, 289; *American Employers' Insurance Co. v. McGeehee,* Okl., 485 P.2d 754.

Quapaw alludes to the fact that at the close of Varnell's case, a demurrer to the evidence was lodged, and Quapaw moved for a directed verdict at the close of all evidence. The Supreme Court in the case of *Bredouw v. Wilson,* 208 Okl. 393, 256 P.2d 421, sets out the following rule:

The rule that where there is any competent evidence which would reasonably support a verdict in favor of a party against whom a demurrer to the evidence is leveled, the demurrer should be overruled, has been so often reiterated by this Court, that it has become axiomatic.

■ We hold that the evidence was sufficient to support the jury verdicts. See *Coppock v. Woodworth,* 202 Okl. 254, 212 P.2d 455; *American Employers' Insurance Co. v. McGeehee,* Okl., 485 P.2d 754. Thus we affirm the jury verdict-judgments in favor of Varnell.

Turning now to Varnell's cross appeal, two propositions are argued as follows:

PROPOSITION II. Deposition testimony introduced by defendant over plaintiff's objection denied plaintiff the right to cross-examine the witness.

■ Varnell argues that by reason of the alleged error, that the court should enter a verdict on his second cause of action, to-wit, $1,400.00, and makes the following statements:

The only issue to be raised is whether it was improper for the Court to overrule the objection of the Plaintiff to allow use of the deposition. There is no dispute that Mr. Childress was unavailable at the time of trial and that he could not be procured for testimony.

\*     \*     \*     \*     \*     \*

Counsel for the Plaintiff took the deposition of Mr. Childress as a part of discovery procedures well over a year before Trial. Then, at Trial, the Defendant made Childress its witness by reading the deposition. At the taking of the discovery deposition, *Quapaw's Attorney made no cross-examination of Childress except to ask three (3) short questions regarding the time limit of the oral contract and if there was any written memorandum of the oral contract.* (Emphasis supplied.)

12 O.S.1971, § 433 provides, in part, as follows:

The deposition of any witness may be used only in the following cases: 1st, When the witness does not reside in the county where the action or proceeding is pending, or is sent for trial by change of venue, *or is absent therefrom.* (Emphasis added.)

The Supreme Court ruled on this proposition in *Smart v. Cain,* 493 P.2d 821, as follows:

Syllabus by the Court

1. The admissibility of a deposition into evidence does not depend on the purpose for which it was taken. Nor is its use limited to the party who initiated it. Where a deposition is taken and filed in the case it becomes the property of the court and either party is entitled to its use in the trial of the case, subject, however, to other rules of evidence and statutory requirements.

2. Under 12 O.S. 433, it is error to refuse to admit the deposition of a party or witness in evidence where the witness is absent from the county on the day of the trial, except where such absence is the result of a perpetration of fraud or collusion.

Varnell's contention, supra, has no merit; thus no error was committed by the trial court in allowing use of the deposition.

Varnell's other proposition is as follows: PROPOSITION III. Plaintiff was the prevailing party in the action and is the sole party entitled to attorney's fees as set forth in *12 Okl.Stat. 936.* (Emphasis original.)

Appellee's Proposition III raises a question not heretofore answered by the Supreme Court. Both parties agree that 12 O.S.1971, § 936 applies. Same reads as follows:

In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, *the prevailing party* shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs. (Emphasis supplied.)

An interesting interpretation of prevailing party can be found in the case of *Ozias v. Haley,* 141 Mo.App. 637, 125 S.W. 556 (1910), as follows:

There can be but one prevailing party in an action at law for the recovery of a money judgment. It transpires frequently that in the verdict each party wins on some of the issues and as to such issues he prevails, but the party in whose favor the verdict compels a judgment is the prevailing party. Each side may score, but the one with the most points at the end of the contest is the winner, and . . . is entitled to recover his costs.

The New York case of *Hansen v. Levy,* 139 Misc. 693, 248 N.Y.S. 200 (1930), states the following:

The words "prevailing party" can have no other meaning except the party in whose favor judgment should be entered. *Dunne v. New York Telephone Co.,* 107 Misc. [436] 439, 176 N.Y.S. 519 states "Where there is one plaintiff and one defendant, there can be but one prevail-

ing party and but one judgment." *German-American Button Co. v. A. Heymsfeld, Inc.,* 170 A.D. 416, 156 N.Y.S. 223; *Kriser v. Rodgers,* 195 A.D. 394, 186 N.Y.S. 316.

Although a lien foreclosure matter, the District Court of Appeals of Florida, Third District, in *Sharp v. Ceco Corp.,* 242 So.2d 464, stated in part as follows:

. . . The statute provides for allowance of a reasonable attorney['s] fee to the prevailing party . . . appellants argue that Ceco was not the prevailing party because its recovery was not the amount claimed, but a lesser sum. We view that argument as unsound. The prevailing party is regarded as that party who has affirmative judgment rendered in his favor at the conclusion of the entire case. (Citations omitted.)

In construing our lien statutes, the Supreme Court has consistently held that a party receiving a judgment whether for the amount sued for or a lesser amount is entitled to an attorney's fee, 42 O.S.1971, § 176, the one exception being by statute, to-wit, 42 O.S.1971, § 147, which provides for the discharging of a lien by depositing with the Court Clerk the amount claimed together with attorney's fees and court costs. In construing this section the Supreme Court in the case of *Consolidated Cut Stone v. Seidenback,* 75 P.2d 442, held that the claimant must recover the *full* amount of his claim to be entitled to an attorney's fee.

██ In the case now under consideration and the statutes appropriate thereto there is no such exception. We therefore hold that there can be only one prevailing party, and one attorney's fee. Further, the prevailing party was Varnell; thus the allowance of an attorney's fee to Quapaw is reversed and ordered set aside. We further affirm the jury verdicts as returned.

██ Appellee seeks an additional attorney's fee for purposes of this appeal. We hold that the amount of $750.00 would be a reasonable amount and hereby order same paid to appellee Varnell by appellant Quapaw.

Appellee moves for judgment on the Supersedeas Bond of appellant. A copy of said bond is in the court file.

It appearing that the motion is well taken, it is ordered and adjudged that appellee have and recover judgment against appellant The Quapaw Company, an Oklahoma Corporation, as principal on the bond and against the Tri-State Insurance Company of Tulsa, Oklahoma, as surety on said Supersedeas Bond, for the principal sum of $6,000.00 with interest thereon at the rate of 10% per annum from January 26, 1976 until paid and that appellee is further granted a judgment on said bond against said principal and surety for attorney's fees in the total amount of $2,550.00, plus all court costs accrued and accruing.

AFFIRMED IN PART; REVERSED IN PART.

REYNOLDS, P. J., and ROMANG, J., concur.