Denny SISNEY, Appellee,

v.

Virgil R. SMALLEY, Appellant,

v.

Lynn SISNEY, Appellee.

No. 58122.

Supreme Court of Oklahoma.

Oct. 10, 1984.

As Modified Nov. 26, 1984.

Rehearing Denied Nov. 27, 1984.

Paul F. McTighe, Jr., Tulsa, for appellant.

Guy Fitzsimmons, Sapulpa, for appellee Denny Sisney.

Brad Smith, John A. Gladd, Gibbon, Gladd, Taylor Smith & Hickman, P.A., Tulsa, for appellee Lynn Sisney.

LAVENDER, Justice:

Denny Sisney, plaintiff below, sued Virgil R. Smalley, defendant below, for property damage resulting from an automobile collision. Smalley in turn sued Lynn Sisney for property damage and personal injuries arising out of the same collision. Before trial, Smalley dismissed his claim against Lynn Sisney for personal injuries. At trial, the Sisneys prevailed, Denny on his cause of action against Smalley and Lynn in her defense against Smalley's claim.

Lynn Sisney sought award of attorney fees for defense of the claim against her for personal injury and property damage. Her attorney testified that 25% of the time was spent in defense of the personal injury claim. The trial court awarded an attorney fee based upon the 25% of the attorney's time spent in defense of the personal injury claim.

The trial court awarded Denny Sisney pre-judgment interest at the rate of 10% per annum on his judgment for property damages.

Smalley appealed from the interest and the attorney fee award. The Court of Appeals affirmed, and awarded Denny Sisney additional attorney fees for services on appeal to be determined by the trial court on remand. We granted certiorari.

The opinion of the Court of Appeals is withdrawn and the following is substituted therefor.

1. Where judgment is rendered on a claim for unliquidated damages for the negligent or willful injury to property, may the trial court award pre-judgment interest to the prevailing party on the amount of the judgment?

2. May the trial court award reasonable attorney's fees to the prevailing party in an action for negligent or willful injury to property, and, if so, may additional attorney fees be awarded by the trial or appellate court for additional services rendered on appeal by the attorney for the party prevailing on appeal?

3. Where legal services are rendered in the combined defense of an action for both personal injuries and for negligent or willful injury to property, may the trial court apportion the awarding of attorney fees between the services attributable to the defense of the personal injury action and the action for property damage where the undisputed evidence discloses that 25% of said services were spent in the defense of the personal injury action and 75% of said services were spent in the defense of the property damage action?

We answer the first question in the negative, the second and third in the affirmative.

As a general rule, attorney fees to the prevailing party are not recoverable in the absence of a statute or an enforceable contract.[1] While this Court has recognized an exception where equitable considerations demand when the services performed result in a successful suit for the preservation, or increase of a common fund or a common property for the benefit of a class of persons entitled to the fund or property,[2] the case before us does not fall within the exception.

1. *Gardner v. City of Tulsa,* Okl., 651 P.2d 1325 (1982).

2. *State ex rel. Burk v. Oklahoma City,* Okl., 522 P.2d 612 (1974).

At common law judgments do not bear interest.[3] Therefore, recovery of interest on a judgment must be predicated on statute.

The pertinent statutes relating to the recovery by the prevailing party in an action for negligent or willful injury to property of pre-judgment interest and attorney fees are as follows:

12 O.S. 1981, § 940:

"A. In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

* * * "

12 O.S. 1981, § 727:

"All judgments of courts of record except the Workers' Compensation Court shall bear interest at the rate of twelve percent (12%) per year, ... provided that:

" * * *

"2. When a verdict for damages by reason of personal injuries is accepted by the trial court, the court in rendering judgment shall add interest on said verdict at the rate of twelve percent (12%) per year from the date the suit was commenced to date of verdict, ..."

23 O.S. 1981, § 6:

"Any person who is entitled to recover damages certain or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt."

23 O.S. 1981, § 7:

"In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud or malice, interest may be given in the discretion of the jury."

We have held that §§ 6 and 7 of 23 O.S. 1981 are in pari materia and must be construed together; that the portion of § 7 which permits allowance of interest within the discretion of the jury refers to damages that are certain, or capable of being made certain by calculation; and that interest cannot be recovered under §§ 6 and 7 upon unliquidated damages, where it is necessary for a judgment on verdict to be had in order to ascertain the amount of the same.[4] Here the claim for damages for injury to property were unliquidated and the amount of damages were not ascertainable until the rendition of judgment following trial.

12 O.S. 1981, § 727 in its initial provisions clearly prescribes that judgments such as was rendered in the case at bar bear interest at 12% per annum from the date of its rendition. Sub-section "2" directs interest at 12% from the date the suit was commenced to date of the verdict, but expressly relates to and is limited to "a verdict for damages by reason of personal injuries ..." The case before us involved damage to property and not personal injuries.

We therefore turn to 12 O.S. 1981, § 940 and consider whether it authorizes pre-judgment interest in an action for negligent injury to personal property, where the damages are unliquidated, and the amount is ascertainable only by the trial of the case. At the outset, we observe that § 940 does not specifically mention or direct the allowance of *pre-judgment* interest, but instead, merely authorizes the allowance of "reasonable ... interest to be set by the court ..." If the Legislature had intended the section to allow pre-judgment interest, we believe it would have expressly so provided. Neither does the section fix the date from which any pre-judgment interest is to run, i.e. whether from the date of the occurrence of the injury, the filing of suit,

---

**3.** 45 Am Jur 2d Interest and Usury § 59.

**4.** *Oklahoma Turnpike Authority v. Chandler,* Okl., 316 P.2d 828 (833) (1957); *Smith v. Owens,* Okl., 397 P.2d 673 (683) (1965).

or the date upon which the amount of damages is ascertainable.

■ The Supreme Court may not expand the plain meaning of words by construction. The Legislature has expressed its intention in the statute as enacted. It is not the prerogative of the judiciary to create an allowance of pre-judgment interest when the Legislature has not seen fit to do so.[5] In the case of *In Re Assessment of Champlin Refining Co.,*[6] we said (Syllabus 2 by the Court):

"The office of interpretation of a statute is not to put a sense into the language used therein, but to ascertain the sense already existing there, and to go elsewhere to obtain something to enlarge or to limit its meaning is to endeavor to elude it."

■ There being no statutory authorization for the allowance of pre-judgment interest to the prevailing party on a claim for unliquidated damages for the negligent injury to property, prejudgment interest may not be awarded.

We next turn to the issue of whether there is statutory authorization for the award by the trial court of a reasonable attorney fee to the prevailing party in an action for negligent or willful injury to property, and if so, whether additional attorney fees may be awarded for additional services rendered on appeal by the attorney for the prevailing party.

■ The statutory infirmities which bar the allowance of pre-judgment interest under 12 O.S. 1981, § 940 are not present with reference to the award of attorney fees. Section 940 expressly directs the allowance of reasonable attorney's fees to the prevailing party in an action for damages for the negligent or willful injury to property, "to be set by the court." Such statutory language imparts a fixed, ascertainable meaning, the guidelines for which have been set forth by this Court.[7] Whenever there is statutory authority to award attorney fees in the trial of a matter, additional fees may be allowed (to the prevailing party) for legal services rendered in the appellate court.

Appellee Denny Sisney's Motion for Attorney Fee on Appeal is therefore granted and remanded to the trial court for hearing to determine the amount thereof.

■ Finally, appellant Smalley asserts error in the trial court's apportionment of attorney fees to appellee Lynn Sisney based upon the undisputed evidence that 25% of his attorney's services were devoted to the defense of the personal injury claim before it was dismissed from the pending cause, and 75% of the services were devoted to the defense of the property damage claim. The trial court allowed 75% of the total attorney fees to Lynn Sisney for the defense of the property damage claim. Appellant urges that since § 940 does not apply to actions for personal injuries, the trial court was without authority to award *any* attorney fees for services during the time the case progressed as one for both personal injuries and property damages, although the undisputed evidence apportioned the attorney's services between the two during such time. We find this argument to be without merit. The assignment of error is otherwise unsupported. In *Erwin v. Harris,*[8] we said (904): "Where a plaintiff in error does not support his contention by any authority whatever, if an examination of the record discloses that there is no prejudicial error, and that substantial justice has been done, the judgment will be affirmed without discussing the assignments in detail." (Citations omitted).

5. *Ridley Packing Company v. Holliday,* Okl., 467 P.2d 480 (1970). See also *National Livestock Credit Corp. v. Schultz,* Okl.App., 653 P.2d 1243 (1247–1248) (1982) wherein the Court of Appeals declined to extend the application of 12 O.S. 1981, § 940(A) by judicial construction to actions for conversion.

6. 186 Okl. 625, 99 P.2d 880 (1940).

7. *State ex rel. Burk v. City of Oklahoma City,* Okl., 598 P.2d 659 (1979).

8. Okl., 371 P.2d 902 (1962).

We further observe that we have heretofore in at least one case,[9] approved an apportionment of attorney fees where the legal services were performed partly in an action in which attorney fees were recoverable and partly in a matter in which such fees are not allowable. In the cited case both claims were prosecuted in the same suit.

BARNES, C.J., SIMMS, V.C.J., and HODGES, DOOLIN, HARGRAVE, WILSON and KAUGER, JJ., concur.

OPALA, J., concurs in part and dissents in part.