**THE COMPANY, INC., d/b/a Loring Rentals, Appellant,**

v.

**TRION ENERGY, d/b/a Tryon Energy, et al., Appellees.**

No. 67421.

Supreme Court of Oklahoma.

July 12, 1988.

Bennett Schlinke, Edmond, for appellant.

Dean Hart, Jr., Hart, Rennie, McClain & Hart, Pauls Valley, for appellees.

ALMA WILSON, Justice:

The basic issue before this Court is whether the party against whom judgment on an open account and for damages to equipment has been awarded, may nevertheless be awarded attorneys' fees. We hold that under the facts of this case, the award of attorneys' fees to the party who prevailed and successfully defended a lien foreclosure claim is proper. 42 O.S.1981, § 176.

The appellant (plaintiff) sued the appellee (defendant) in an action to enforce a lien, and in the alternative, for rent due and for damages to rental equipment. The trial court found for the defendant on the foreclosure action, but granted judgment for the rent due and for damages to rental property. At a separate hearing on the issue of attorneys' fees, the trial court awarded $3,228.71 in attorneys' fees to the plaintiff under the terms of the contract, which limited that amount to twenty-five percent of the judgment. The trial court awarded the defendant $4,000.00 as reasonable attorneys' fees based upon 42 O.S. 1981, § 176 which provides that "In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorneys' fee, to be fixed by the court, which shall be taxed as costs in the action." The trial court determined that the basis for awarding judgment to the plaintiff was on an open account but that the plaintiff had failed to prove a valid lien. Because the defense of the lien action required many additional hours of work for defense counsel which would not have been necessary had the suit been limited to a contract action, the court reasoned that the defendant was entitled to a reasonable attorneys' fee. The Court of Appeals in an unpublished opinion reversed the award of attorneys' fees to the defendant.

Although stated as three separate "causes of action," the Second Amended Petition of the plaintiff sought relief in the alternative, either judgment in the amount of $24,706.08 and foreclosure of the lien; or judgment on its leased equipment for $4,829.77 and judgment for damages to the leased equipment in the amount of $19,-790.40. The original petition was filed on August 23, 1985, after the new pleading code was in effect. The new pleading code requires that the plaintiff state a "claim for relief" which is a "short and plain statement of the claim showing that the pleader is entitled to relief" and "[a] demand for judgment for the relief to which he deems himself entitled." 12 O.S.Supp.1987 § 2008(A). Relief in the alternative may be demanded. 12 O.S.Supp.1987 § 2008(A). The basis for the plaintiff's claim was a breach of contract which provided for payment of rental on the leased items and for damages to those items. The filing of the lien was an attempt to secure the amount owed on the contract. Therefore, although stated in the alternative, the appellant had but one claim for relief.

Citing *Quapaw Co. v. Varnell*, 566 P.2d 164 (Okla.App.1977), this Court has held that "the mere availability of more than one form of remedial relief upon a single cause of action, does not abrogate the rule that there can be only one prevailing party." *Rambo v. Hicks*, 733 P.2d 405 (Okla. 1986). The prevailing party is the party

who has an affirmative judgment rendered in his favor at the conclusion of the entire case. *Quapaw*, 566 P.2d at 167.

Although awarding attorneys' fees to the party to whom an affirmative judgment has been rendered is the general rule, there is an exception. In *Sooner Pipe & Supply Corp. v. Rehm*, 447 P.2d 758 (Okla.1968), the trial court rendered judgment on an agreement to furnish material, equipment and supplies in favor of Sooner Pipe & Supply Corp., but entered judgment against Sooner for attorneys' fees after denying the claimed liens. This Court stated:

> Sooner further contends the court erred in denying claimed lien rights and awarding defendants' counsel attorneys' fees. The cross-petition sought to establish and foreclose the asserted materialmen's lien. The trial court found and determined no lien existed. The statute, 42 O.S.1961, § 176, provides in such actions the party for whom judgment is rendered is entitled to recover reasonable attorneys' fees which is taxed as costs of the action. The defendants prevailed against Sooner's lien claim and the court properly fixed a reasonable fee for their attorneys' services. [Citation omitted.]

*Sooner Pipe & Supply Corp.*, 447 P.2d at 762.

We note that the attorneys' fee awarded to the appellant under the terms of the contract was not appealed and is therefore beyond our jurisdiction. We express no view as to whether under the facts of this case, award of attorneys' fees to both parties would have been proper. The opinion of the Court of Appeals is VACATED, and the decision of the trial court is AFFIRMED.

HARGRAVE, V.C.J., and LAVENDER, SIMMS, OPALA, KAUGER and SUMMERS, JJ., concur.

HODGES, J., concurs in result.

DOOLIN, C.J., dissents.