FIREMEN'S INSURANCE COMPANY
OF NEWARK, NEW JERSEY,
Appellee,

v.

Gregg R. RENEGAR, Appellant.

No. 79,842.

Court of Appeals of Oklahoma,
Division No. 2.

May 11, 1993.

Certiorari Denied July 7, 1993.

Howard R. Haralson, Julie K. Simmons, Oklahoma City, for appellee.

Tom M. Moore, Oklahoma City, for appellant.

## MEMORANDUM OPINION

HUNTER, Judge:

This is an appeal from the trial court's judgment denying attorney fees and costs to Appellant upon vacation of a foreign judgment entered against him.

In November, 1991, Appellee sought to domesticate a default judgment pursuant to the Uniform Enforcement of Foreign Judgments Act, 12 O.S.1991 §§ 719, *et seq.* entered against Appellant in New York. Once the judgment was filed, Appellant filed a motion to vacate the judgment for lack of due process, which was sustained by the trial court. Upon vacation of the judgment, Appellant moved for attorney fees as prevailing party. In his application, Appellant alleged that he was entitled to attorney fees pursuant to 12 O.S.1991 § 936 and § 2011, and further contended the court had the inherent power to award attorney fees because of Appellee's bad faith in filing the foreign judgment. Appellant also filed a motion to assess costs pursuant to 12 O.S.1991 §§ 928 and 929. Both motions were denied and this appeal followed.

■ Appellant alleges the trial court abused its discretion in denying his motions because he was entitled to attorney fees and costs according to the above-cited authorities. Appellant also adds that he is entitled to attorney fees pursuant to 15 O.S.1991 § 276, which provides for attorney fees to the prevailing party in any civil action to collect upon an obligation to repay money after default. This ground was not presented to the trial court in Appellant's application for attorney fees, and therefore will not be considered here. It is well established that parties on appeal are limited to the issues and legal theories presented at the trial level. *Jones v. Alpine Investments, Inc.,* 764 P.2d 513 (Okl.1987). Trial courts will not be reversed for error unless the error was called to their attention at a time when they themselves could reasonably be expected to correct it. *Gaines v. Sun Refinery and Marketing,* 790 P.2d 1073 (Okl.1990).

■ The trial court's judgment regarding attorney fees or costs will not be disturbed on appeal absent a clear showing of an abuse of discretion. *McCrary v. McCrary,* 764 P.2d 522 (Okl.1988); *Hester v. Hester,* 663 P.2d 727 (Okl.1983). An award of costs or attorney fees must be based upon statute and only those expenditures which are by statute taxable fall within the term "costs". *Dulan v. Johnston,* 687 P.2d 1045 (Okl.1984).

■ Section 936 provides for attorney fees to the prevailing party in certain limited actions. The prevailing party is the party who has an affirmative judgment rendered in his favor at the conclusion of the entire case. *The Company, Inc. v. Trion Energy,* 761 P.2d 470 (Okl.1988); *Quapaw Co. v. Varnell,* 566 P.2d 164 (Okl. App.1977). In order to be the prevailing party, Appellant had to prevail upon the merits. *Carter v. Rubrecht,* 188 Okl. 325, 108 P.2d 546 (1940). The trial court's refusal to give full faith and credit to the foreign judgment by vacating it was not an adjudication upon the merits, and thus, Appellant was not the "prevailing party" entitled to attorney fees under Section 936. *See Underwriters at Lloyd's of London v. North American Van Lines,* 829 P.2d 978 (Okl.1992); *General Motors Acceptance Corp. v. Carpenter,* 576 P.2d 1166 (Okl. 1978). Furthermore, because of the nature of this action, Appellant may not be considered as a successful party, entitling him to costs as a matter of course, pursuant to 12 O.S.1991 §§ 928 and 929. *See Sloan v. Owen,* 579 P.2d 812 (Okl.1977). The trial

court did not abuse its discretion in denying attorney fees and costs under these facts. We will not consider Appellant's remaining theories upon which he claims he is entitled to attorney fees and costs as Appellant failed to properly raise these issues in his petition in error, thereby waiving them on appeal. *DLB Energy Corp. v. Oklahoma Corporation Commission,* 805 P.2d 657 (Okl.1991).

The trial court's judgment is hereby AFFIRMED. Both parties' requests for appellate attorney fees are denied.

AFFIRMED.

HANSEN, C.J., and BAILEY, P.J., concur.