**Leroy R. SMITH, Plaintiff–Appellant,**

v.

**Debra Jean JENKINS, Defendant–Appellee.**

No. 75723.

Supreme Court of Oklahoma.

April 26, 1994.

Dale J. Briggs, Briggs, Patterson & Associates, Tulsa, for appellant.

John S. Gladd and Marthanda J. Beckworth, Thomas, Glass, Atkinson, Haskins, Nellis & Boudreaux, Tulsa, for appellee.

OPALA, Justice.

The dispositive issue on certiorari is whether, in comparative-negligence litigation, where *both parties prevail* on their respective claim and compulsory counterclaim arising from the same tortious event, controlling statutory and fundamental law requires that each party litigant be allowed an attorney's fee for the successful prosecution of its own claim and that the amount awarded be reduced by the percentage of negligence found by the fact trier? We answer in the affirmative.

## I

## THE ANATOMY OF LITIGATION

In May of 1989 the automobiles driven by appellant Leroy R. Smith [Smith] and appellee Debra Jean Jenkins [Jenkins] collided, with damage occasioned to both vehicles. Smith sued Jenkins for property loss and Jenkins brought a counterclaim for *like* recovery. After a jury-waived trial the court found the parties to have been equally at fault; in conformity to the comparative-negligence statute, 23 O.S.1981 § 13,[1] the nisi prius judgment went to each party for 50% of its property damage—$645.34 to Smith and $1,290.68 to Jenkins.

By their post-judgment motions both parties sought attorney's fee, invoking the provisions of 12 O.S.1981 § 940.[2] The trial court concluded that (a) in an action arising from the same occurrence there can be *only one* prevailing party and (b) because the amount of the judgment on Jenkins' *compulsory counterclaim*[3] exceeded that recovered by Smith, Jenkins, *qua* prevailing party, was entitled to costs and attorney's fee against Smith. Smith appealed from the nisi prius *denial* of his quest for counsel-fee award as the prevailing party on his own claim and from the counsel-fee ruling in Jenkins' favor.

The Court of Appeals affirmed, holding that where, as here, claims are "inexorably interrelated"—because they arise from the same transaction—and a judgment goes to both parties, one against the other, *the party with the greater amount,* or a "net judgment", is *the sole prevailing party* in the case who is entitled to an award of attorney's fee.[4] We granted certiorari on Smith's petition for review of the Court of Appeals' counsel-fee pronouncement.

## II

## THE PARTIES' ARGUMENTS

Smith asserts that in applying the net-recovery test to determine one's prevailing-party status, the Court of Appeals erroneously assumed an automatic setoff of the respective awards, contrary to controlling Oklahoma jurisprudence.[5] Under 12 O.S.1981 § 940(A) and (B),[6] Smith argues, a plaintiff is

---

1. For the pertinent terms of 23 O.S.1981 § 13, see *infra* note 13.

2. For the pertinent terms of 12 O.S.1981 § 940, see *infra* note 6.

3. By the terms of 12 O.S.Supp.1988 § 2013 *compulsory* is "any claim [counterclaim, cross-claim or third-party claim] which at the time of serving the pleading the pleader has against the opposing party, if it arises out of the [same transaction or occurrence]". *Oklahoma Gas & Elec. v. District Court,* Okl., 784 P.2d 61, 64 (1989).

4. For its single-judgment prevailing-party analysis the appellate court relied on *Quapaw Co. v. Varnell,* Okl.App., 566 P.2d 164 (1977). It took careful notice of and comfort in this court's expressions that cited *Quapaw* in *Rambo v. Hicks,*

Okl., 733 P.2d 405 (1986), and in *The Co., Inc. v. Trion Energy,* Okl., 761 P.2d 470 (1988).

5. For the notion that mutual awards do not, as a matter of right, entitle a party to offset one judgment against the other, and that the right to a setoff is based strictly upon equitable principles, Smith cites us to *Elms v. Arn,* Okl., 59 Okl. 235, 158 P. 1150 (1916); *State ex rel. Barnett v. Wood,* 171 Okl. 341, 43 P.2d 136 (1935); *Johnson v. Noble,* 179 Okl. 256, 65 P.2d 502 (1936); *Widick v. Phillips Petroleum Company,* 180 Okl. 432, 70 P.2d 474 (1937).

6. The terms of 12 O.S.1981 § 940 are:

"A. In any civil action to recover damages for the *negligent or willful injury to property* and

the "prevailing party" if he/she recovers a judgment, except only in those cases where the plaintiff's *recovery* is *not more* than the *amount of defendant's offer.*[7] By not making a pretrial offer, Smith points out, Jenkins failed to trigger the statutory mechanism by which she might have become the prevailing party.

The "one judgment," "one prevailing party" and "net judgment" analytical approach for identifying a litigant as "prevailing party" in an action, Smith argues, is neither compatible with the comparative-negligence regime nor equitable in the context of this case scenario. According to Smith, the law's policy of an automatic, inflexible setoff of mutual awards for assessment of counsel fee to the "victor" undermines the very purpose of the apportionment-of-negligence concept and would result in one party's recovery that is grossly disproportionate to the adjudged percentage of its fault. Lastly, Smith urges that certain controlling or strongly persuasive Oklahoma jurisprudence, overlooked by the Court of Appeals, supports his position that under some circumstances there can be in

the same action *more than one prevailing party* entitled to an attorney's fee.[8]

Jenkins repeats the perceived teaching that there can be *but one* prevailing party in an action where, as here, claims are *not* separate and distinct,[9] but all interrelated because they arise from the same occurrence or transaction. According to Jenkins, the party recovering the greater amount (or the *net* judgment) is the *only* "statutory prevailing party" who is entitled to a counsel-fee award.[10]

## III

**UNDER THE FACTS OF THIS CASE, BOTH THE STATE FUNDAMENTAL AND STATUTORY LAW CALL FOR RECOGNIZING BOTH PARTIES, WHO WERE VICTORIOUS ON THEIR RESPECTIVE CLAIMS, AS PREVAILING PARTIES IN THE ACTION**

### *Section 940 Viewed In Light Of The Comparative–Negligence Regime*

■ Before the advent of our comparative-negligence regime, a plaintiff's contributory negligence [11] operated at common law as a

---

any other incidental costs related to such action, the *prevailing party shall be allowed reasonable attorney's fees*, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.
B. Provided that, the defendant in such action may, not less than ten (10) days after being served with summons, serve upon the plaintiff or his attorney a written offer to allow judgment to be taken against him. If the plaintiff accepts the offer and gives notice thereof to the defendant or his attorney, within five (5) days after the offer was served, the offer, and an affidavit that the notice of acceptance was delivered within the time limited, may be filed by the plaintiff, or the defendant, verified by affidavit. The offer and acceptance shall be noted in the journal, and judgment shall be rendered accordingly. If the notice of acceptance is not given in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned at the trial. If upon the action being adjudicated the judgment rendered is for the defendant or for the plaintiff and is for a lesser amount than the defendant's offer, then the plaintiff shall not be entitled to recover attorney's fees, court costs and interest. If the judgment rendered is for the plaintiff, and is for the same amount as the defendant's offer, then the plaintiff and defendant shall incur their own attorney's fees, court costs and interest. And if the judgment

rendered is for the plaintiff, and is for a larger amount than the defendant's offer, then the plaintiff shall be entitled to recover attorney's fees, court costs and interest." (Emphasis added.)

7. 12 O.S.1981 § 940(B), *supra* note 6.

8. Smith directs us to *Walls v. Russell*, Okl., 519 P.2d 936 (1974); *Welling v. Amer. Rfg. and Sheet Metal Co.*, Okl., 617 P.2d 206 (1980), and *Trion, supra* note 4, 761 P.2d at 471, where under certain special circumstances present in those cases, more than one party in the same action was accorded the prevailing-party status.

9. In support of her net-recovery, prevailing-party analysis, Jenkins relies on *Quapaw, supra* note 4, *Trion, supra* note 4, and *Rambo, supra* note 4. For the notion that a defendant, who prevailed on a counterclaim, is the prevailing party, Jenkins cites *Western Paper Co. v. Bilby*, Okl.App., 783 P.2d 980 (1989).

10. Smith relies on *Quapaw, supra* note 4.

11. Contributory negligence is present when a plaintiff's conduct falls below the standard of care which one should follow for his/her safety. In a purely contributory-negligence regime of the common law, a plaintiff *cannot recover* if his/her

complete bar to recovery. *No recovery* could be had if a plaintiff's *slight* negligence combined with the substantial fault of the defendant to produce the loss in suit. The harsh result of this "winner-take-all" approach led to the enactment of our comparative negligence statute. The latter regime apportions the loss among those whose fault contributed to the harm-dealing event.[12] Under Oklahoma's *"modified"* comparative-negligence scheme, prescribed by 23 O.S.1981 §§ 13[13] and 14,[14] when the litigants are equally at fault, each party is liable for that proportion of the other's damage which is attributable to its own substandard conduct.[15]

■ In assessing counsel-fee expenses against one's vanquished opponent we *generally* follow the American rule.[16] The prevailing party may not recover an attorney's fee against its adversary absent some authorizing statute or contract.[17]

The parties in this appeal agreed that § 940(A) governs the counsel-fee regime for this case. The term "prevailing party" has been construed to mean one (a) who, at the conclusion of the case, has an *affirmative judgment* in its favor[18] or (b) who has secured a net recovery on its own claim.[19]

It would greatly undermine, if not indeed offend, the comparative-negligence regime if in the case at bar the litigant with a net recovery were declared the *only* prevailing party in the action. The § 940 counsel-fee statute *must be construed together* with both our comparative-negligence system as well as with the inexorable command of Art. 23, § 6, Okl. Const.[20] The last cited source of our

---

own wrong, even though slight, is a contributing factor in the cause of the resulting harm. *See Butterfield v. Forrester*, 11 East. 59, 103 E.R. 926 (K.B.(C.A.) 1809), the most widely cited progenitor of the common-law contributory-negligence doctrine.

12. Joseph W. Little, Torts: Civil Law of Reparation, § 9.04 at 446 (1985).

13. The terms of 23 O.S.1981 § 13 provide:
In all actions hereafter brought, whether arising before or after the effective date of this act, for negligence resulting in personal injuries or wrongful death, or injury to property, *contributory negligence shall not bar a recovery, unless any negligence of the person so injured, damaged or killed, is of greater degree than any negligence of the person, firm or corporation causing such damage,* or unless any negligence of the person so injured, damaged or killed, is of greater degree than the combined negligence of any persons, firms or corporations causing such damage. (Emphasis supplied.)

14. The terms of 23 O.S.1981 § 14 provide:
Where such contributory negligence is shown on the part of the person injured, damaged or killed, the *amount of the recovery shall be diminished in proportion to such person's contributory negligence.* (Emphasis supplied.)

15. Our *"modified"* version of comparative negligence is distinguishable from its *"pure"* form. The latter allows a plaintiff to recover *all* the damages—*regardless of the percentage of fault.* For a discussion of this distinction, see *Laubach v. Morgan*, Okl., 588 P.2d 1071, 1072 (1978), which dealt with the earlier version (1973 vintage) of our comparative-negligence law (23 O.S.Supp.1973 § 11). Section 11 then provided that the injured party's contributory negligence would not bar recovery of damages if that negli-

gence "is of lesser degree" (49% or less) than that of the tortfeasor. With the repeal of § 11 in 1979, the Legislature introduced our present comparative-negligence regime (23 O.S.1981 §§ 13, 14, *supra* notes 13 and 14) under which a plaintiff who was not more than 50% negligent may recover one half of the damage sustained.

16. *Moses v. Hoebel*, Okl., 646 P.2d 601, 603 (1982); *City National Bank & Trust Company of Oklahoma City v. Owens*, Okl., 565 P.2d 4, 7 (1977); *Pierson v. American National Bank of Shawnee*, Okl., 325 P.2d 426, 428 (1958).

17. *Moses, supra* note 16, 646 P.2d at 603; *Owens, supra* note 16, 565 P.2d at 7. The court in *Owens* recognized a "bad faith" equitable exception to the American rule. There, it sanctioned an award of attorney's fee against the plaintiff whose dismissal of the case on the fourth day of trial was found "vexatious" and "abusive."

18. *Underwriters at Lloyd's v. N. Amer. Van Lines*, Okl., 829 P.2d 978, 981 (1992); *Trion, supra* note 4, 761 P.2d at 470 (citing *Quapaw, supra* note 4); *Evans v. Sitton*, Okl., 735 P.2d 334, 336 (1987).

19. *Commercial Communications, Inc. v. State, Etc.*, Okl., 613 P.2d 473, 476 (1980) (although not receiving all the relief it requested, the plaintiff recovered a net judgment and was held entitled to an award of attorney's fee as the prevailing party in the case under the provisions of 12 O.S.1971 § 936).

20. The terms of Art. 23, § 6, Okl. Const., are:
"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

law makes both *primary and contributory* negligence an issue of fact.[21] Were we to allow the party gaining net recovery to be considered the prevailing party in the action, even when both parties are adjudged equally liable on their interrelated claims for the same tortious event, one's prevailing-party status would be assessable on the basis of pure fortuity—one litigant's *higher* amount of monetary loss than that of its adversary. This result would lead to a grossly disproportionate aggregate recovery for the party with a net recovery. The latter could "tack on" a generous counsel fee against the less damaged opponent.

■ When the applicable counsel-fee enactment (§ 940) and the comparative-negligence statutes (§§ 13, 14) are construed together, *as they must*, it is at once clear that in comparative-negligence cases—where, as here, *both parties prevail on a claim and compulsory counterclaim that arise from the same tortious event—each party prevailing on its own claim against the other must be allowed a counsel-fee award, which, once ascertained, should be reduced* by the percentage of negligence ascribed by the fact trier.[22]

Extant jurisprudence pressed on us by Jenkins, which teaches that there can be but *one* judgment and hence *only* one prevailing party for allowance of a counsel-fee award,[23] is factually distinguishable from the present scenario. *None of the cited cases arose in context of comparative-negligence litigation.* To the extent that these authorities could be construed as contrary to today's pronouncement, they may no longer be regarded as a correct exposition of legal principles that govern comparative-negligence litigation.

The counsel-fee approach we announce today is entirely consistent with that in our general cost statutes, 12 O.S.1991 §§ 928,[24] 929 [25] and 930.[26] By the terms of §§ 928 and 929 a successful plaintiff or defendant is entitled to costs from the vanquished adversary in actions for the recovery of money only or for the recovery of specific, real or personal property.[27] Section 930, *on the other hand,* unequivocally provides that *in other actions the court may tax costs and apportion them between the parties as it might think right and equitable.* In *Moses v. Hoebel,*[28] we raised the question whether an attorney's-fee award should be regarded as a taxable *item*

---

21. *Bullard v. Grisham Const. Co.,* Okl., 660 P.2d 1045, 1047–1048 (1983); *Flanders v. Crane Co.,* Okl., 693 P.2d 602, 606 (1984); *Anderson v. Northwestern Elec. Co-op.,* Okl., 760 P.2d 188, 190–191 (1988). Case law recognizes but *two exceptions* to the mandate of Art. 23, § 6, Okl. Const.: (1) where the plaintiff fails to present evidence tending to show primary negligence on the part of the defendant, or (2) where, upon undisputed facts, reasonable people, exercising fair and impartial judgment, could not reasonably reach different conclusions concerning the issues. *Anderson, supra,* 760 P.2d at 191.

22. For the apportionment of attorney's fees, *see United General Ins. v. Crane Carrier Co.,* Okl., 695 P.2d 1334, 1339 (1984).

23. *See Quapaw, supra* note 4; *Trion, supra* note 4; *Rambo, supra* note 4.

24. The terms of 12 O.S.1991 § 928 are:

"Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific, real or personal property."

25. The terms of 12 O.S.1991 § 929 are:

"Costs shall be allowed of course to any defendant, upon a judgment in his favor in the actions mentioned in the last section."

26. The terms of 12 O.S.1991 § 930 are:

"In *other actions,* the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable."

27. Costs may be apportioned between the parties in actions for the recovery of money. *See Knight v. Yoakam,* Okl., 338 P.2d 1075, 1080 (1959) (costs on appeal were equally divided where the judgment was reversed in part and affirmed in part); *Wallingford v. Alcorn,* 75 Okl. 295, 183 P. 726, 728 (1919); *Smith–Premier Typewriter Co. v. Grace,* 28 Okl. 844, 115 P. 1019, 1020 (1911) (in a replevin action for the recovery of property in which judgment was rendered for the plaintiff for a part of the property and for the defendant for the remainder, each party was required to pay half the costs absent any showing as to the amount of costs incurred by either of the parties).

28. *Supra* note 16, 646 P.2d at 604. In *Moses* we recognized a distinction but did not settle the question whether an attorney's fee is *recovery* or *costs.*

*of costs* or an additional element of *recoverable damage.* We need not today settle this legal doubt, if there be one. Our conclusion *would be the same* whether counsel fee were termed "recovery" or "costs". If the fee allowance to be authorized in this case may be treated as an element of *recovery,* the comparative-negligence law would most certainly compel that, like damages, it be reduced by the percentage of fault. But if the fee is to be viewed as an item of costs, the governing statute, § 930, calls, with equal force, for the item's *equitable* apportionment. That apportionment is best rested on the fact trier's resolution of the merits.

### SUMMARY

The single-party-victory approach to an allowance of attorney's fee *in this case* would offend the comparative-negligence regime. Controlling statutory and fundamental law requires that in negligence litigation counsel-fee pleas by *victorious parties* be allowed in the same manner as their damages are reduced. When § 940—the counsel-fee statute here in dispute—is construed together with the applicable principles of our comparative-negligence law (§§ 13, 14), the general cost enactment (§ 930), as well as with the command of our fundamental law (Art. 23, § 6) that governs trials of negligence issues, it is clear that parties who stand victorious on their respective claims for the same tortious event are each entitled to a counsel-fee allowance against the other, which award, once ascertained, must be reduced by the fact trier's percentage allocation of negligence. Today's departure from our general counsel-fee regime under prevailing party statutes will apply *only* in comparative-negligence cases to claims and compulsory counter-claims for the same tortious event. We hence direct that on remand a reasonable attorney's fee for *each of the two successful litigants* for their trial-[29] and appeal-related services be determined and then diminished (or reduced) in the same manner as that party's damage to its property.[30]

ON CERTIORARI PREVIOUSLY GRANTED, THE COURT OF APPEALS' OPINION IS VACATED, THE TRIAL COURT'S POST-JUDGMENT COUNSEL-FEE RULING IS REVERSED, AND THE CAUSE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS PRONOUNCEMENT.

LAVENDER, V.C.J., and HARGRAVE, ALMA WILSON and KAUGER, JJ., concur.

SUMMERS, J., concurs in result.

HODGES, C.J., and SIMMS and WATT, JJ., dissent.

---

**29.** The fee to be awarded on remand for services performed in the trial court must be confined to those rendered in a *successful* prosecution of the claim, *not* for the party's *unsuccessful defense* against the adversary's demand. *See LPCX Corporation v. Faulkner,* Okl., 818 P.2d 431, 443 (1991), where the court held that the plaintiff was entitled to an attorney's fee for *successfully defending* against a counterclaim to foreclose an operator's contractual lien for services and expenditures on a well. As for services performed on appeal, the appellant is entitled to a fee which is *attributable only* to that part of total services which relates to *successfully* prosecuting the client's right to a fee in this action, while the appellee shall be allowed for services in *successfully* pressing the demand for affirmance of the nisi prius counsel-fee ruling in her favor. *Smalley v. Sisney,* Okl., 690 P.2d 1048, 1051 (1984); *TRW/Reda Pump v. Brewington,* Okl., 829 P.2d 15, 21 (1992).

**30.** Where, as here, there is statutory authority to award an attorney's fee at the trial level, *additional* fees may be allowed for legal services rendered in an appellate court. *Sisney, supra* note 29, 690 P.2d at 1051.