JONAS J. UNGER, Plaintiff, *v.* JULIUS HERSCOVITZ and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, February 14, 1929.

*Lloyd Weisberger*, for the plaintiff.

*Louis Rosenberg* [*Joseph Feldman* of counsel], for the defendants.

GENUNG, J. Plaintiff sued to recover $50 for medical services rendered to the defendants. Defendants counterclaimed for $5,000 for malpractice. The action was never noticed for trial. The defendants moved to dismiss the action, pursuant to section 126 of the Municipal Court Code. On the argument of this motion a

stipulation was entered into between the parties as follows: " It is hereby agreed that this motion, including the counterclaim, be dismissed."

On January 7, 1929, a judgment for costs in the sum of thirty-seven dollars and fifty cents was entered against the defendants, based on the dismissal of the defendants' counterclaim. More than ten days thereafter, the defendants moved to vacate and set aside the judgment entered by the plaintiff, on the ground that said judgment was erroneously and fraudulently entered by the plaintiff's attorney.

Section 171 of the Municipal Court Code states that within ten days the clerk's taxation may be reviewed by the court upon two days' notice. In the case of *Rosebrock Butter & Egg Co.* v. *Jorisch* (157 N. Y. Supp. 234) judgment was entered in favor of the defendant against the plaintiff. Subsequent to the taxation of costs by the clerk, an order to show cause was served on the defendant, why the said judgment should not be set aside and vacated. This was nineteen days after the clerk's taxation. An order was entered vacating the judgment, but in a *per curiam* opinion on appeal the court said: "The review of taxation cannot be supported in the guise of a motion to amend a judgment," for the reason that the review of taxation was not in accordance with the provisions of section 171, which states that the clerk's taxation may be reviewed upon ten days' notice.

In the case above, the moving papers show, and the plaintiff's attorney admits, that a copy of the judgment entered against the defendants was not served on the attorney for the defendants, pursuant to the requirements of rule 33 of the Rules of the Municipal Court of the City of New York. Without a service of the copy of the judgment, together with notice thereon, upon the attorney for the defendants, the defendants' attorney would never know the exact day when the ten days would expire for the reviewal of the clerk's taxation. Section 171 is, therefore, not applicable to the case above, and the defendants' motion is, therefore, timely.

The next question to consider is whether the judgment entered by the plaintiff can stand. Under section 164 of the Municipal Court Code, the various provisions indicate the amount of costs to be allowed to the prevailing party. Both the action and the counterclaim were dismissed, and, therefore, one of the parties to the action is entitled to recover costs.

There are many cases in point, all of which clearly indicate that, where a plaintiff institutes an action, and the defendant interposes a counterclaim in an amount in excess of the plaintiff's cause of action, and where both the complaint and the counterclaim are dis-

missed, then the plaintiff is the prevailing party, and is entitled to enter judgment for costs, based on the amount of the counterclaim interposed by the defendant therein. (*Kohlberg* v. *Halloran*, 133 Misc. 304; *Arrow Piece Dyeing & Finishing Co.* v. *Gallagher & Co.*, 130 id. 610.)

It may be that, at the time when the defendants entered into the stipulation with the plaintiff, they may have intended that the action and counterclaim be dismissed, without costs, but it was for them to state their intentions in the stipulation entered into in open court.

Motion denied.