Irving Stier, Appellant, *v.* Industrial Rediscount Corporation, Respondent.

Supreme Court, Appellate Term, First Department, June 4, 1930.

*Lester Grossman*, for the appellant.

*Samuel A. Hirshowitz*, for the respondent.

Per Curiam. Plaintiff sued to recover $530, moneys paid on the purchase price of certain shares of stock, and defendant counterclaimed for $625, alleged to be due on plaintiff's note.

The trial judge dismissed both the complaint and counterclaim; the evidence sustains the decision, and no prejudicial error is presented by the record.

On the decision of the justice judgment was entered dismissing the counterclaim on the merits and dismissing the complaint on the merits.

The clerk taxed forty-two dollars and fifty cents costs in favor of plaintiff, and on retaxation the court reversed the clerk's taxation and awarded defendant forty-seven dollars costs.

Plaintiff having procured an adjudication dismissing the counterclaim on the merits, and defendant having a judgment dismissing the complaint on the merits, each of the parties was a prevailing party within the meaning of section 164 of the Municipal Court Code, and entitled as such to the costs as therein specified.

Subdivision 2 of that section provides that if defendant interposes a counterclaim in excess of plaintiff's claim and the plaintiff recovers judgment, costs shall be allowed on the amount of the counter-

claim at the same rate as if it were the amount of plaintiff's recovery. In accordance with that provision plaintiff was entitled to forty-two dollars and fifty cents costs.

Subdivision 7 of the same section provides that where the defendant recovers judgment after trial costs shall be awarded him at the rates prescribed in subdivision 1, based on the plaintiff's demand in the summons. Defendant having recovered judgment dismissing the complaint was, therefore, entitled to its costs and disbursements, amounting to forty-seven dollars.

Offsetting plaintiff's costs against defendant's leaves a balance of four dollars and fifty cents costs in favor of defendant, for which it was entitled to recover.

This is not a case provided for by section 477 of the Civil Practice Act, where after trial of plaintiff's demand and defendant's counterclaim judgment must be entered in favor of either party, the party obtaining judgment in such case being the one entitled to recover costs under section 164 of the Municipal Court Code.

Judgment and order modified by awarding four dollars and fifty cents costs to defendant, and as modified affirmed.

All concur; present, BIJUR, CALLAHAN and PETERS, JJ.