CLARENCE HANSEN, Respondent, v. ISAAC LEVY, Appellant.

Supreme Court, Appellate Term, Second Department, October 31, 1930.

*George H. Rosen*, for the appellant.

*Norman J. Lowey*, for the respondent.

PER CURIAM. Judgment and order unanimously reversed upon the law, with thirty dollars costs to appellant; motion for retaxation granted, and costs disallowed to plaintiff. Plaintiff instituted an action to recover the sum of forty dollars, the balance due on a certain contract, and the defendant interposed a counterclaim for two hundred and ninety-six dollars for alleged damages. The complaint and the counterclaim were dismissed on the merits. The

clerk has taxed twenty-two dollars and fifty cents costs in favor of plaintiff. Defendant's motion for retaxation was denied. Section 164 of the Municipal Court Code provides the amount to be awarded as costs in every case " shall be allowed to the prevailing party." The section also provides for the amount of costs to be awarded in certain contingencies. Plaintiff was not the prevailing party. The words " prevailing party " can have no other meaning except the party in whose favor judgment should be entered. (*Dunne* v. *New York Telephone Co.*, 107 Misc. 439.) Where there is one plaintiff and one defendant, there can be but one prevailing party and but one judgment. (*German-American Button Co.* v. *Heymsfeld, Inc.*, 170 App. Div. 416; *Kriser* v. *Rodgers*, 195 id. 394.) The defendant is the prevailing party, notwithstanding the interposition of the counterclaim and its dismissal. The defendant, having succeeded, is entitled to costs at the rates prescribed in subdivision 1 of section 164; but since the amount of plaintiff's demand is less than fifty dollars, no costs are recoverable under this subdivision. We are not in accord with the conclusion reached by the Appellate Term, First Department, in *Stier* v. *Industrial Rediscount Corporation* (137 Misc. 45). In that case it was held, under facts similar to those presented here, that each of the parties was a prevailing party. In addition, the court assumed that subdivision 2 of section 164 was applicable to the facts there presented. Subdivision 2 of that section, however, refers to a situation where the plaintiff recovers judgment, and it would seem, therefore, that it is inapplicable.

Present, CROPSEY, MACCRATE and LEWIS, JJ.