ISADOR WARSAW, Plaintiff, *v.* MANUEL M. VOIT, Defendant.

Municipal Court of New York, Borough of Manhattan, Tenth District, April 14, 1934.

*Sidney Cutler*, for the plaintiff.

*Lawrence Iger*, for the defendant.

WATSON, J. Plaintiff sued upon an assigned contract. A counterclaim was interposed for a sum greater than the amount of plaintiff's claim. After trial the plaintiff's complaint and defendant's counterclaim were both dismissed on the merits. Costs were thereafter taxed in favor of plaintiff on the theory that where both

the complaint and the counterclaim are dismissed and the counterclaim exceeds the amount of plaintiff's claim, plaintiff is the prevailing party and is entitled to tax costs upon the amount of the counterclaim. (*Unger* v. *Herscovitz,* 133 Misc. 753; *Arrow Piece D. & F. Co., Inc.,* v. *Gallagher & Co., Inc.,* 130 id. 610.)

The principle of law enunciated in these cases has been overruled by the case of *Stier* v. *Industrial Rediscount Corp.* (137 Misc. 45), wherein the Appellate Term, First Department, held that in such instances both plaintiff and defendant are prevailing parties, and that the costs in favor of one shall be set off against the costs of the other.

Here, however, the situation is different from that which appears in the cases just cited. The instant action is one upon an assigned claim. No affirmative judgment could be recovered upon the counterclaim asserted by the defendant against the plaintiff as assignee of the claim, since the effect of such counterclaim, if allowed, is to diminish or defeat plaintiff's claim by way of set-off to the extent of the amount of plaintiff's demand, and no more. (Civ. Prac. Act, § 267, subd. 1; *Keon* v. *Saxton & Co.,* 257 N. Y. 412.) Defendant was, therefore, the prevailing party within the meaning of subdivision 7 of section 164 of the Municipal Court Code, because plaintiff's claim was defeated, notwithstanding the dismissal of the counterclaim.

Accordingly, defendant's motion is granted, and the clerk is directed to retax the costs entered in plaintiff's favor by canceling the same and the judgment entered thereon; and to tax costs in favor of the defendant upon the amount demanded in plaintiff's complaint, together with five dollars costs of this motion.