**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 9 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROGER MURRAY, Husband;
HOPE MURRAY, Wife,

      Plaintiffs-Appellees,

v.

FIRST MARINE INSURANCE
COMPANY,

      Defendant-Appellant.

Nos. 00-5194 & 00-5233
(D.C. No. 99-CV-128-B)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY**, **BALDOCK**, and **LUCERO**, Circuit Judges.

---

This appeal stems from an incident involving a boat belonging to plaintiffs

Roger and Hope Murray ("the Murrays"). While maneuvering his boat back to the

launch point, Mr. Murray's course was crossed by another boat which came upon

---

\*     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Murray so quickly that he had no recourse but to cross the wake created by the second boat. Murray's boat became airborne and upon re-entering the water experienced engine failure. The Murrays eventually brought suit against their insurer, defendant First Marine Insurance Company ("First Marine"). A jury awarded the Murrays $5800 in damages, and the court awarded plaintiffs $2100 in costs and $33,000 in attorneys' fees. In case No. 00-5194 First Marine appeals from the verdict, and in companion case No. 00-5233 First Marine appeals the award of attorneys' fees. We affirm both judgments.

## I

First Marine offers five reasons for this Court to set aside the jury verdict: the district court gave an erroneous jury instruction, the plaintiff failed to submit a statutorily required proof of loss, the court improperly struck the testimony of one of First Marine's experts, the court failed to grant First Marine's motion of judgment as a matter of law, and the Oklahoma statute under which the Murrays were awarded prejudgment interest is unconstitutional.

## A

We are urged to set aside the jury verdict because of an alleged error in one of the instructions given to the jury. Before we can review this issue, however, we must be satisfied that First Marine properly preserved it by lodging a

contemporaneous objection in the district court. Our record review suggests the lack of proper objection.

In support of its contention that it objected to the offending instruction, First Marine directs our attention to a portion of the transcript in which the district court and the parties' attorneys were discussing the instructions generally. The discussion at pages 422 through 425 of appellant's appendix, however, does not establish First Marine's objection. In that colloquy, the court and the attorneys discussed the propriety of giving two standard contract instructions dealing with construction in favor of a promisee and against a drafter. Whether these instructions were appropriate depended on whether the insurance policy was ambiguous. After discussing the provisions of the policy relating to accidental loss and mechanical breakdown, the court stated that it had interpretive problems with the language and was inclined to give the two standard instructions. In the materials identified to us, First Marine's counsel did not object to what eventually became an instruction on causation.

We are presented with only portions of the transcript, and given that we are not required to comb through the evidence to help make First Marine's case, SEC v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992), without a contemporaneous objection we are not required to review the propriety of the challenged

instruction.  Hidalgo Props., Inc. v. Wachovia Mortgage Co., 617 F.2d 196, 200–01 (10th Cir. 1980).

## B

First Marine next argues that the Murrays should not have been awarded prejudgment interest because they never submitted a proof of loss as required by title 36, section 3629(B) of the Oklahoma Statutes,[1] and that this statutory requirement cannot be waived.  Our recent opinion in Stauth v. National Union Fire Insurance Co., 236 F.3d 1260 (10th Cir. 2001), forecloses this argument.

In Stauth, the insureds were covered by two directors and officers liability policies, with the newer policy providing greater coverage.  When the directors and officers (the plaintiffs) were sued in two class action lawsuits, they notified the defendant insurer of the claims and provided it with copies of the complaints.

The defendant agreed to cover the plaintiffs but only under the older policy. The plaintiffs brought a declaratory judgment action seeking a determination that the defendant was obliged to indemnify them under the more generous newer policy.  The district court held that the newer policy provided coverage.  The

---

[1]    Title 36, section 3629(B) of the Oklahoma Statutes states in pertinent part:

It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss.  Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party.

plaintiffs then sought attorneys' fees under section 3629(B), which the district court denied on the premise that section 3629(B) requires the submission of a "proof of loss," which the plaintiffs had not submitted. On appeal we reversed, concluding that section 3629(B) applies to declaratory judgment actions, id. at 1263–64, and that the absence of a formal proof of loss was not a bar to recovery, id. at 1264–65.

In attempting to distinguish Stauth, First Marine argues the case was a declaratory judgment action and does not apply to first party actions where no proof of loss is submitted. That reasoning is meritless. The court in Stauth simply determined that the statute, which had been applied in first party actions and indemnity actions, also applied to declaratory judgment actions. Noting that Oklahoma courts have construed the statute broadly, id. at 1263, the court in no way cut back on already-existing law which has long held that section 3629 applies to actions by insureds against their insurers. See McCorkle v. Great Atl. Ins. Co., 637 P.2d 583, 586 (Okla. 1981). The lesson to be taken from Stauth for our purposes relates not to the role of the statute in first party actions, but to its holding regarding the proof-of-loss requirement.

First Marine argues that, while policy requirements regarding proof of loss may be waived, the statutory requirement of section 3629(B) cannot. Stauth holds otherwise. There, the plaintiffs complied with policy requirements by submitting

copies of the class action complaints to the defendant.  We held that this compliance with the policy regarding notice, followed by the institution of the declaratory judgment action, was "all that was necessary to satisfy a 'proof of loss' requirement."  236 F.3d   at 1265.  The same reasoning applies here.

After the accident, Mr. Murray contacted his insurance agent.  The agent submitted to First Marine what the company calls an Accord Property Loss Notice which, according to one of First Marine's corporate representatives, provided policy information, the name of the insured, phone numbers, contact information, and a brief description of the loss.  Under the terms of the Murrays' policy, this notice was all that was required.  A sworn proof of loss would only have been necessary under the policy if First Marine had requested one, which all parties agree did not happen.

Thus, just as in   Stauth , where notice of the class action suits and submission of the complaints was sufficient proof of loss for purposes both of the policy and the statute, here the Murrays' submission of information to their agent who generated an Accord Property Loss Notice was sufficient to comply both with their obligations under the policy and with the statutory requirement.

## C

In support of the argument that the district court improperly struck the testimony of its expert, Mike Hunter, First Marine points to evidence indicating

that the district court, prior to trial, had approved Mr. Hunter as an expert witness, knew the basic opinions he would render, and knew of the contents of his report. It was only after Mr. Hunter had testified that the court decided to exclude his testimony.

The fact that the district court misunderstood the basic problem with Mr. Hunter's appearance at this trial does not mean that the court erred in eventually excluding the testimony. To the contrary, and to its credit, when the district court understood the crux of the problem it acted quickly and entirely properly in striking Mr. Hunter's testimony.

Despite the rather unclear presentation in the briefs regarding this issue, it is a simple one. Under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, an expert witness is required to submit a written report. "The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions . . . ." Fed. R. Civ. P. 26(a)(2)(B). Mr. Hunter's testimony was based in large part on photographs taken of engines similar to that of the Murrays, but his Rule 26 report made no mention of such photographs and, as such, was not in compliance with the rule. The Murrays had consistently objected to any testimony from Mr. Hunter based on the photographs.

As the district court explained when it admonished the jury to disregard Mr. Hunter's testimony, the idea behind the rule is to give opposing counsel an opportunity to inquire about the basis of an expert's testimony. Because the photographs were not mentioned in the Rule 26 report, the Murrays did not have a fair opportunity to prepare to cross-examine the expert or his evidence. The court considered ordering a mistrial but decided instead to strike the offending testimony and to admonish the jury to disregard it.

We review this ruling for abuse of discretion. Gust v. Jones, 162 F.3d 587, 592 (10th Cir. 1998). Such abuse will be found "only where the trial court makes an arbitrary, capricious, whimsical, or manifestly unreasonable judgement." Nalder v. W. Park Hosp., 254 F.3d 1168, 1174 (10th Cir. 2001). Here, the district court was faced with an obvious violation of Rule 26 compounded by the fact that, when he testified, Mr. Hunter went well beyond the opinions expressed in his written report. Additionally, First Marine had the benefit of the testimony of another expert, Frank Johnson, thus minimizing the damage to it from the exclusion of Mr. Hunter. We hold that, under these circumstances, the exclusion of Mr. Hunter's testimony was not an abuse of discretion.

**D**

First Marine contends that the district court should have granted its Rule 50 motion for judgment as a matter of law, formerly referred to as a directed verdict.

In a diversity case, the federal standard is applicable in determining whether the evidence is sufficient to go to the jury. Under the federal rule, the trial judge may grant a motion for directed verdict only when all the inferences to be drawn from the evidence are so patently in favor of the moving party that reasonable men could not differ as to the conclusions to be drawn therefrom. All such evidence and inferences in this regard must be construed in the light most favorable to the party against whom the motion is directed.

Hidalgo Props._, 617 F.2d at 198 (citations omitted). This court reviews de novo the denial of a Rule 50 motion. Mitchell v. Maynard_, 80 F.3d 1433, 1438 (10th Cir. 1996).

Applying this standard, and after reviewing the provided portions of the trial transcript and drawing inferences therefrom in the light most favorable to the Murrays, see Hidalgo Props._, 617 F.2d at 198, we conclude that the district court properly denied the motion for judgment as a matter of law. Specifically, the jury heard testimony from the mechanic who examined the Murrays' engine and eventually repaired it that the damage to the engine was caused by "overrev" when the boat suddenly became airborne. There was also evidence from Mr. Murray and his passenger on the boat, Mr. Smith, that immediately after returning to the water the engine ceased to operate. This evidence certainly provides a legally sufficient evidentiary basis for the jury to find for the Murrays. "There can be no [judgment as a matter of law] where there is evidence tending to support a party's theory of recovery." Id. at 199. The district court was correct to deny First Marine's Rule 50 motion.

**E**

In its motion for new trial and amendment of judgment, First Marine argued that title 36, section 3629 of the Oklahoma Statutes—the section under which the Murrays were eventually awarded prejudgment interest—is unconstitutional. After the Oklahoma Attorney General declined the district court's invitation to weigh in on this question, the court rejected the constitutional challenge to section 3629. We do as well.

Ordinary economic and commercial regulations are subject only to rational basis scrutiny under the Equal Protection Clause. FCC v. Beach Communications, Inc., 508 U.S. 307, 313–14 (1993). The Supreme Court has admonished that rational-basis review in equal protection analysis "is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." Id. at 313. Rather, a statute survives rational-basis scrutiny "if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." Heller v. Doe, 509 U.S. 312, 320 (1993). Moreover, under rational-basis review, the legislature need not actually articulate the legitimate purpose or rationale that supports the classification at issue. Instead, a statute "must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." Id. (quotation omitted).

Under this deferential standard of review, we have no difficulty in concluding that section 3629 is constitutional. Among others, one possible rational basis for the statute is Oklahoma's presumed desire to encourage the prompt and efficient settlement of insurance claims. The legislature may have felt that the insurance industry needed the threat of a high rate of prejudgment interest to encourage the settlement of claims. Perhaps, as First Marine would no doubt point out, the insurance industry is not solely responsible for any delay (perceived or actual) in the settlement of claims; perhaps policy-holders and their lawyers are to blame. This may be so, but we have never stated that a policy aimed at correcting a social ill need solve the entire problem in one fell swoop; in many cases it may be more prudent and efficacious to address social problems one step at a time, so that each step may be reviewed and adapted as necessary. See Williamson v. Lee Optical of Okla., 348 U.S. 483, 489 (1955) ("[T]he reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind."). The district court properly held section 3629 to be constitutional.

## II

After the jury awarded the Murrays $5800 in damages, the court also awarded the Murrays $33,000 in attorneys' fees and affirmed the award of costs

by the court clerk to the Murrays in the amount of $2100. In case No. 00-5233 First Marine appeals these awards. We affirm.

Our role in reviewing the district court's fee award is quite limited. "We customarily defer to the District Court's judgment because an appellate court is not well suited to assess the course of litigation and the quality of counsel." Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1200-01 (10th Cir. 1986) (quotation omitted). We did not see "the attorneys' work first hand," and thus are not as well situated as the district court, which "has far better means of knowing what is just and reasonable than an appellate court." Id. at 1201 (quotation omitted). "Accordingly, an attorneys' fee award by the district court will be upset on appeal only if it represents an abuse of discretion." Id.

Under the abuse-of-discretion standard, our task is not to assess independently the merits of each attorney's performance and fine-tune individual fee awards. Instead, our job is to determine whether the district court "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Cummins v. Campbell, 44 F.3d 847, 854 (10th Cir. 1994).

In support of its argument, First Marine advances four theories, two of which we have already rejected—that the Murrays should not recover attorneys' fees because they did not submit a proof of loss as required by section 3629, and

-12-

that the statute itself is unconstitutional. We address First Marine's remaining two contentions:

**A**

Prior to the beginning of trial, the district court granted summary judgment to First Marine on the Murrays' tort claim for bad faith for which they had sought $70,000 in damages. In its motion to recover attorneys' fees, First Marine argued to the district court that under common law First Marine was the prevailing party in the tort-claim portion of the lawsuit, and that it was thus entitled to attorneys' fees and costs incurred in defending against the claim for bad faith. First Marine was in essence arguing that there were two prevailing parties in this action. The district court rejected this theory and refused to award fees or costs to First Marine.

We review the meaning of "prevailing party" de novo, and the district court's determination of which party satisfied that definition for abuse of discretion. Arkla Energy Res. v. Roye Realty & Developing, Inc., 9 F.3d 855, 865–66 (10th Cir. 1993) (applying Oklahoma law).

Oklahoma law is fairly clear on the question of who qualifies as a prevailing party. In Quapaw Co. v. Varnell, 566 P.2d 164 (Okla. Ct. App. 1977), the trial court had awarded fees to both parties after the defendant had secured summary judgment on two of the plaintiff's claims and the plaintiff had

obtained a verdict on its remaining two claims. The Oklahoma Court of Appeals reversed.

Adopting reasoning from other jurisdictions, Quapaw holds that "'[t]here can be but one prevailing party in an action at law for the recovery of a money judgment . . . . [T]he party in whose favor the verdict compels a judgment is the prevailing party.'" Id. at 167 (quoting Ozias v. Haley, 125 S.W. 556, 557 (Mo. Ct. App. 1910)). "'The words "prevailing party" can have no other meaning except the party in whose favor judgment should be entered. Where there is one plaintiff and one defendant, there can be but one prevailing party and but one judgment.'" Id. (quoting Hansen v. Levy, 248 N.Y.S. 200, 201 (N.Y. App. Div. 1930)) (internal quotation omitted). "'The prevailing party is regarded as that party who has affirmative judgment rendered in his favor at the conclusion of the entire case.'" Id. (quoting Sharpe v. Ceco Corp., 242 So. 2d 464, 465 (Fla. Dist. Ct. App. 1970)).

First Marine argues that its successful defense of the Murrays' claim for bad faith entitles it to prevailing-party status as to that claim. Quapaw holds otherwise. First Marine's summary judgment was not "an affirmative judgment rendered in [its] favor at the conclusion of the entire case." Id. at 167. Further, the Oklahoma Supreme Court in Taylor v. State Farm Fire & Casualty Co., explained that recovery of attorneys' fees is possible only when "the insured loss

-14-

is the core element of the prevailing litigant's recovery." 981 P.2d 1253, 1258 (Okla. 1999). The insured loss was the core element of the Murrays' recovery on their contract claim. That First Marine successfully defeated an alternative remedy on this claim does not invest it with prevailing party status.

First Marine points to language in Quapaw stating that "[e]ach side may score, but the one with the most points at the end of the contest is the winner and . . . is entitled to recover his costs." 566 P.2d at 167 (quotation omitted). First Marine argues that by securing summary judgment on the claim for bad faith it "won" 70,000 points compared to the 5800 points "won" by the Murrays. The points identified in Quapaw, however, are calculated from affirmative judgments rather than from a mere defense against a plaintiff's claim. We have found no case, and First Marine identifies none, in which a defendant who is granted summary judgment or otherwise successfully defends on less than all of a plaintiff's claims has been deemed the prevailing party.

There are cases in which the Oklahoma courts have recognized exceptions to the Quapaw "one prevailing party" rule, but those cases do not apply here. In them, a plaintiff suing for damages is met with a counterclaim (or its equivalent) for damages by the defendant. When both parties prevail and are awarded money damages at the end of the case, Oklahoma courts allow there to be two prevailing parties and award costs and/or fees to each party. See, e.g., Midwest Livestock

-15-

Sys., Inc. v. Lashley, 967 P.2d 1197, 1199 (Okla. 1998); Welling v. Am. Roofing & Sheet Metal Co., 617 P.2d 206, 210 (Okla. 1980). In the case at bar, First Marine did not assert a claim for money damages against the Murrays and was not awarded any damages or any affirmative judgment at the end of the trial.

First Marine was not a prevailing party for purposes of an award of attorneys' fees. It has advanced no authority to support a claim for costs in the absence of prevailing-party status. The district court was correct to deny First Marine costs and fees relating to this case.

**B**

As noted above, we will not overturn a fee award unless we are convinced that the district court "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Cummins, 44 F.3d at 854. Our review of the parties' arguments and the order of the district court persuades us that the court was well within the bounds of reasonableness in making the fee award. [2]

First Marine complains primarily that the court failed to consider the relationship between the amount the Murrays recovered, $5800, and the amount of attorneys' fees awarded, $33,000. We disagree. When read in its entirety, the order of the court reveals careful consideration of the dynamics of the case and

---

[2]    In reviewing First Marine's arguments, we note that the record citations in its brief do not correspond to evidence in the record pertaining to the award of fees.

-16-

the factors which contributed to the fees incurred by the Murrays. The court carefully applied the factors outlined in Oliver's Sports Center, Inc. v. National Standard Insurance Co., 615 P.2d 291, 294–95 (Okla. 1980), in reaching its decision.

We note that the court reduced the fee request by approximately one-third to account for the Murrays' lack of success on their claim for bad faith and their withdrawal of their claim for hull damage. Contrary to First Marine's contention, the court was well within its authority to then multiply the hours spent by the Murrays' attorney by his undisputed hourly rate. See State ex rel. Burk v. City of Okla. City, 598 P.2d 659, 660–61 (Okla. 1979) (characterizing such computation as the "lodestar" of the court's fee determination).

First Marine attempts to blame the Murrays for the amount of fees because they brought a claim for bad faith that it characterizes as unfounded and unsupported. The opinion of the trial judge who heard this case, however, was to the contrary. The court examined the "several factors which gave rise to a legitimate belief on behalf of [the Murrays] that they should proceed with a bad faith claim." (Dist. Ct. Order filed Nov. 13, 2000, at 5.) Despite the grant of summary judgment to First Marine on this claim, the court noted that the claim was not frivolous and was not one that should have been ignored. We note that it was First Marine who removed the case to federal court after the addition of the

-17-

claim for bad faith, thereby lengthening the litigation process and the resultant fees.

Nor do we find fault with the emphasis placed by the district court on the fact that the Murrays attempted to settle all claims early in the litigation for the same amount they recovered at trial, an amount which compensated them for their contract loss and did not include any payment for the claim for bad faith. First Marine never responded to this offer, not even to propose a counter-offer. Even after the district court urged it to settle, First Marine refused to do so. We agree with the district court that by proceeding, as was its right, to a judicial determination First Marine "ran the risk that under § 3629, it would ultimately be assessed [the Murrays'] costs and attorney fees." ( <u>Id.</u> at 6.) We find no error in the fee determination as awarded by the district court. Its careful weighing of all the appropriate factors reveals no basis upon which the award can be overturned.

## III

The judgment is **AFFIRMED** .

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

-18-